PEAKE v. STOUT, INGOLDSBY & Co.

1. A witness cannot be asked, what were the "motives and intentions" of another person in executing a deed. ·

2. Where one partner had been introduced as a witness to support a deed of assignment, conveying the partnership property, and had sworn that the deed was fairly made, and for the payment of the partnership debts, he may be asked on the cross-examination, whether one of the debts provided for in the deed, was not a debt created by himself, for the purpose of raising money to put into the partnership.

Error to the Circuit Court of Dallas.

TRIAL of the right of property, upon a claim interposed by the plaintiff in error, as trustee in a deed of assignment executed by Bissell & Carvill, an execution at the instance of the defendants in error, having been levied upon some of the property conveyed in the deed.

Upon the trial, the claimant offered·as a witness Titus L. Bissel, one of the makers of the deed, who deposed that the debts secured by the deed were partnership debts—that in making the assignment, and in all the transactions connected with it, he acted in good faith, and without any intent to hinder, injure or defraud, the creditors of the firm, but to provide for their payment. The claimant's counsel, then proposed to question the witness, as to his knowledge of the motives and intentions of Geo. W. Carvill, his partner, in making the deed, to which the plaintiff objected, and his objection was sustained by the Court, and the claimant excepted. ·

On the plaintiff's cross-examination of the witness, to prove fraud, he proposed to prove by him, that at the time, and before the partnership of Bissell & Carvill was contracted, it was agreed between them, that Carvill should raise $3,000 on his own credit to be used in the partnership concern, and that this debt in favor of George G. Carvill, was provided for in the deed, and included as a firm debt of Bissell & Carvill, but was the separate debt of Geo. W. Carvill. To this the claimant's counsel objected, upon

the ground that it was irrelevant testimony—that it would con-
tradict and vary the express terms of the deed, and that the wit-
ness was incompetent so to testify ; but the Court overruled the
objection, and required the witness to testify, to which the claim-
ant excepted, and which he now assigns as error.

R. Saffold, for plaintiff in error. The witness was not asked
for his opinions, or inferences of the intentions of his co-partner,
but for his knowledge of facts. The case is clearly distinguish-
able from the case relied on of Borland against the P. & M. Bank,
5 Ala. Rep. 531.

As to the other points, the testimony was clearly irrelevant,
and no doubt misled the jury.

Edwards, contra, relied on the case from from 5 Ala. Rep. 531,
as fully in point upon the first question presented.

Upon the second, he contended the question was pertinent and
proper, especially in a cross-examination, where the assignment
was impeached for fraud.

ORMOND, J.—We do not perceive any sensible distinction
between this case and that of the Planters and M. Bank v. Bor-
land, 5 Ala. Rep. 546, as it respects the question put to the wit-
ness of his knowledge of the intention of his partner, Carvill, in
making the deed of assignment. The " motives, or intention," or
in other words, the secret purpose of the mind, when an act is
done, can only be certainly known to the actor himself, and the
Supreme, Omniscient being. When it becomes important for a
Court, or jury, to determine with what intent an act was done, the
conclusion is attained from the circumstances surrounding it—
from the acts and declarations of the actor. This process, it is
perfectly obvious, is a deduction from the facts in proof; being
therefore a deduction, or inference, from the facts known, or pre-
sumed to exist, it cannot be drawn by witnesses, who are not al-
lowed to reason to the jury, but must testify to facts. It is there-
fore apparent, that when the witness was asked, as to his know-
ledge of the " motives and intentions" of Carvill, he was not re-
quired to speak of a fact within his knowledge, but of his infer-
ence from facts, which he was not required to state.

It is argued, that the import of the question, was not as to the

opinion of the witness, but as to the facts from which the jury might deduce the proper conclusion. Such may have been the design of the question ; we can only judge of it from the language in which it is couched. That certainly does not call for facts, but for the *intention* of Carvill in making the deed, a question which the witness either could not answer at all, or which, if answered, must necessarily have been the opinion of the witness, from the facts within his knowledge, attending the execution of the deed; and as the answer to the question, if given according to the terms proposed, would have been improper testimony, the Court did not err in excluding it, and could not be required to foresee, that the witness would either refuse to answer it, or else have answered it, by stating, not his own opinion, but the facts from which an opinion might be formed.

The remaining question presented on the bill of exceptions, was also correctly decided by the Court. It appears that the witness, who was one of the makers of a deed of assignment, had been examined, for the purpose of proving that the deed was fair, and *bona fide*, and had stated in substance, upon his examination, in chief, that the property conveyed by the deed, consisting of the effects of the firm, was fairly devoted to the payment of the partnership debts.

Upon the cross-examination, the plaintiff was permitted to ask him, whether one of the debts included in, and provided for by the deed, was not a debt contracted by himself, for the purpose of raising money to put into the partnership, This question was certainly not irrelevant, and therefore should have been answered. It might not have been entitled to much weight before the jury, but whether it did or did not tend to prove the alleged fraud, was a question peculiarly proper for the jury. The design evidently was, to show that there had been a concealment in the deed, by inserting a debt not a partnership debt, and conceding that it was a debt for which the partnership was responsible, the plaintiff had the right to sift the deed, and examine all its provisions. If the testimony, when introduced, was not prejudicial to the claimant, a charge should have been asked as to its effect ; it could not be excluded in advance from the jury.

We are unable to perceive any error in the record. Let the judgment be affirmed.