# Delaney *v.* The State.

## *Murder.*

(Decided Dec. 20, 1906. 42 So. Rep. 815.)

1. *Homicide; Evidence; Dying Declaration; Preliminary Proof; Sufficiency.*—The defendant made a showing for an absent witness to the effect that he would be able to prove that such witness was with the decedent just before he died, and after decedent knew he was going to die in a short while, he said to witness, that accused did not shoot him, but that some other person did. Held, that the showing fails sufficiently to show that the decedent was impressed with the belief that death was impending when the declaration was made.

2. *Criminal Law; Evidence; Admissibility; Flight.*—The state not having introduced any evidence tending to show flight on the part of the defendant, it was incompetent for defendant to introduce evidence tending to show that just after the alleged shooting, he was arrested at his own home and that the made no effort to escape.

APPEAL from Chambers Circuit Court.

Heard before HON. S. L. BREWER.

The character of the offense for which the defendant was tried and the sentence of conviction sufficiently appear from the opinion. The defendant offered a showing for an absent witness, John Smith, which was admitted by the state, subject to legal exceptions, and which showing contained these words: "He expects to be able to prove by John Smith that said Smith was with the deceased before he died, and, after deceased knew he was going to die in a short time, he said to witness that Ridley Delaney did not shoot him, but that some other persons did." Solicitor objected to this as a mere conclusion of the witness, and as not laying the proper predicate for dying declarations. The court sustained the objection, and the defendant reserved an exception.

[Delaney v̇. The State.]

W. F. DICKINSON, for appellant.—No brief came to the reporter.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DENSON, J.—This appeal is from a judgment of the circuit court of Chambers county adjudging the defendant guilty of murder in the second degree and sentencing him to the penitentiary for a period of 25 years.

To make the statement of the deceased competent as a dying declaration, it was indispensable that it should have been shown that the declarant was impressed with the belief that death was impending and would certainly ensue; and this could not be shown by the bare conclusion of the witness that "deceased knew he was going to die in a short time." If the statements made to the witness or in his hearing, which led him to the conclusion that the declarant knew he was going to die, had been before the court, the court might have come to another conclusion than that reached by the witness.— *Young's Case*, 95 Ala. 4, 10 South. 913; *Moses' Case*, 88 Ala. 78, 7 South. 101, 16 Am. St. Rep. 21. Furthermore, "the mental status, the cognition of another, is not a fact. It is of necessity matter of opinion or conclusion, dependent on the facts from which the opinion is formed, or the conclusion drawn." And while a witness, when it is proper to do so, may testify to his own mental status, yet he cannot testify that another knew or did not know a certain fact, but must detail the facts from which such conclusion is drawn. The objection to the showing offered by the defendant as to what witness John Smith would testify was properly sustained.— *Bailey's Case*, 107 Ala. 151, 18 South. 234; *Braham's Case*, 143 Ala. 28, 38 South. 919.

There was no evidence tending to show flight on the part of the defendant; hence evidence that the constable arrested defendant at home and that he made no effort to escape was unimportant, and the court properly sustained the objection made by the solicitor to the offer made by the defendant to introduce such evidence.—

[Allen v. The State.]

*Allen's Case,* 146 Ala. 61, 41 South. 624, and authorities there cited.

There is no error in the record and the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.