# Degg v. The State.

*Murder.*

(Decided April 9, 1907.  43 So. Rep. 484.)

1. *Criminal Law; Secondary Evidence; Determination of Admissibility.*—Since the matter of laying a predicate for the introduction of secondary evidence is for the court to determine such predicate may be laid in the absence of and without the hearing of the jury.

2. *Same; Secondary Evidence; Predicate.*—Before secondary evidence is admissible a sufficient predicate must be laid for its introduction.

3. *Same; Preliminaries to its Admission as Evidence.*—The testimony at a preliminary trial was taken in notes by a stenographer employed by one of the parties; such notes were not transcribed and read over and subscribed by the witnesses at the trial; sometime after the trial the notes were transcribed and at a different place were taken by the magistrate and read over to the witnesses testifying, who subscribed their names as such, but in the absence of the defendant; the stenographer was not examined as to the correctness of his notes or the transcribing thereof and was not shown to have been an officer of the law at the time his notes were taken. Held, not to establish a proper predicate for the admission of secondary evidence.

4. *Same; Instructions; Weight and Effect of Evidence.*—An instruction asserting that the jury should take the secondary evidence of testimony given at a preliminary trial as though the witnesses were present in person is erroneous, since the jury has no opportunity of observing the witness's manner and conduct in testifying so as to determine what weight and effect should be given the evidence.

5. *Same; Rule; Separation of Witnesses; Violation.*—The right of defendant to the testimony of his witnesses being guaranteed by the Constitution, where the rule is invoked as to witnesses and is violated by defendant's witnesses without defendant's fault such witness should be allowed to testify and then punished for a violation of the rule.

6. *Same; Instructions Singling Out Testimony; Argumentative.*—An instruction asserting that unless the mind of each individual member of this jury is satisfied beyond all reasonable doubt and to a moral certainty that defendant is guilty as charged in the indictment, then you cannot convict her of murder in the first degree, is erroneous in singling out one phase of the testimony and as being argumentative.

7. *Homicide; Instructions; Self Defense.*—An instruction asserting that to render defendant at fault in bringing on the difficulty by the use of words it must appear that such words had some effect in producing the difficulty and that if they did not have such effect then defendant could not be said to be in fault in bringing on the difficulty by the use of such words, was erroneous in not going futher and negativing a willingness on defendant's part to enter into the combat.

8. *Same.*—A charge that if the decedent assaulted the defendant without knucks but with rings on his hands, and if these rings were sufficient to enable decedent to inflict great bodily harm upon the defendant, and at the time the fatal shot was fired there was an imperious necessity to take the life of decedent to

save defendant from great harm she was entitled to an acquittal was properly refused for a failure to negative defendant's willingness to enter into the combat.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Yolande Degg was convicted of murder, and appeals. Reversed and remanded.

The defendant and one Dean and Hasson were jointly indicted for the murder of Womack by shooting him with a pistol. The evidence tended to show the shooting as alleged in the indictment and that the defendant was the one who fired the pistol. There was other evidence tending to show a participation in the difficulty by Dean and Hasson. What is said in reference to the admission of testimony of the absent witnesses sufficiently appear in the opinion of the court. The testimony for the defendant tended to show self-defense, and that before firing the fatal shot she had been struck in the face by deceased with brass knucks. The ruling of the lower court on the admission and rejection of testimony is not discussed in the opinion and will not be here set out. The oral charge of the court is set out in full, and a great many exceptions are reserved thereto, but the only one insisted on is as follows:. "You have a right, gentlemen of the jury, to look to the fact that Will Hasson and Hazel Dean are jointly indicted with this defendant in determining what weight you will give to their testimony." The instructions of the court in reference to what weight should be given to the testimony of the absent witnesses, taken down as therein stated upon the preliminary trial, sufficiently appear in the opinion. The following written charges were requested by the defendant and refused: "(32) The court charges the jury that, unless the minds of each individual member of the jury is satisfied beyond all reasonable doubt and to a moral certainty that Yolande Degg is guilty as charged in the indictment, then you cannot convict her of murder in the first degree." "(36) The court charges the jury that, to render the defendant at fault in bringing on the difficulty by the use of words, it must appear that such words had some effect in producing the difficulty

[Degg v. The State.]

or encouraging the difficulty. If the words were profane, but did not in fact have any effect in producing or encouraging the difficulty, then defendant, if she used such words, could not be said to be at fault in bringing on the difficulty by reason of the use of such words." "(40) The court charges the jury that if the deceased assaulted the defendant without knucks on his hands, but with rings on his hands, and if these rings were sufficient to enable deceased to inflict great bodily harm upon defendant, then if defendant was free from fault in bringing on the difficulty, and at the time of firing the fatal shot there was an imperious, impending necessity, either real or apparent, to take the life of Womack to save herself from great bodily harm, then defendant is entitled to an acquittal." What happened in reference to the refusal of the court to permit the defendant to use Manning as a witness sufficiently appears in the opinion of the court. The defendant was convicted of murder in the second degree, and sentenced to the penitentiary for 22 years.

GOODHUE & BLACKWOOD, and KNOX, ACKER & BLACKMON, for appellant.—The court erred in the admission of Girard's testimony. The rule is well settled in Alabama that the testimony of a deceased witness on a former trial must be supported by the evidence of some witness who is able to state that he remembers substantially all the evidence of the deceased's witness.— *Thompson v. The State*, 106 Ala. 75; *Davis v. The State*, 17 Ala. 354; *Magee v. Doe*, 22 Ala. 699; *Gildresleeve v. Carroway*, 10 Ala. 260; *Eberfeldt v. Waite*, 79 Wis. 284; *Tibbots v. Flanders*, 18 N. H. 284; 1 Greenleaf on Evidence (15th Ed.) secs. 165-66. The court especially erred in its instructions to the jury with respect to Girard's testimony.—*Fleming v. The State*, 43 South. 219 The court erred in refusing to permit the defendant to introduce Manning as a witness.—*State v. Brookshire*, 2 Ala. 303; 12 Cyc. 548; 8 Enc. P. & P. 93; *Parker v. The State*, 67 Me. 331; *Davis v. Byrd*, 94 Ind. 325; *State v. Thomas*, 11 Ind. 515; *People v. Boscovitch*, 20 Cal. 436; *Gregg v. The State*, 3 W. Va. 704; *Smith v. The*

*State,* 4 Lea 428; *May v. The State,* 90 Ga. 793; 1 Thompson on Trials, sec. 281.

ALEXANDER M. GARBER, Attorney-General, for appellee.—The court did not err in reference to Girard's testimony.—*Floyd v. The State,* 82 Ala. 16; *Matthews v. The State,* 96 Ala. 62; *Sanford v. The State,* 143 Ala. 78; *Shirley v. The State,* 40 South. 368. The manner of the admission of testimony was not error and the charges of the court with respect thereto was not an invasion of the province of the jury.—*Ledbetter v. The State,* 143 Ala. 52; *Crane v. The State,* 111 Ala. 45. The trial court did not abuse its discretion in not permitting the witness Manning to testify.—*Thorne v. Kemp,* 98 Ala. 417; *Sidgreaves v. Wyart,* 22 Ala. 619; *Montgomery v. The State,* 40 Ala. 684; *Burkes v. The State,* 120 Ala. 387; *Riley v. The State,* 88 Ala. 193. The court properly refused charge 32.—*Gilmers v. The State,* 126 Ala. 20; *Austin v. The State,* 40 South. 989; *Mitchell v. The State,* 132 Ala. 65.

DOWDELL, J.—The laying of a predicate for the introduction in evidence of the testimony of the witnesses Girard and Moore, that had been given by them on the preliminary trial, was matter addressed to the court, and not to the jury. It was, therefore, of no importance that this was done in the absence of and without the hearing of the jury. The evidence so sought to be introduced of the witnesses Girard and Moore, the former having died and the latter having removed beyond the jurisdiction of the court, was secondary evidence, and it was necessary, under the law, that a proper and sufficient predicate should be laid before it could be admitted. It appears from the record that the testimony of these two witnesses, had on the preliminary trial, was not reduced to writing by the magistrate before whom the trial was had, nor by any one under his direction; but it does appear that it was taken in stenographic notes by a stenographer who was employed by one of the parties to the prosecution. The stenographic notes were not transcribed or put in type and read over

[Degg v. The State.]

to and subscribed by the witnesses during or before the termination of the preliminary trial. At some time after the trial, how long, it does not appear, the stenographic notes were transcribed or put in type, and were at a different time and place, and in the absence of the defendant, taken by the magistrate and read over to the witnesses testifying, who subscribed their names as such. It does not appear that the stenographer was an officer of the law and that he made the notes of the testimony of the witnesses and transcribed the same in the discharge of his duty as such an officer of the law, and hence no presumption can be indulged in favor of the correctness of the stenographic notes or of the transcribing, as might be the case if such stenographer had been acting in his official capacity. The stenographer was not examined as to the correctness of the transcribing. Without evidence that the notes of the testimony and the transcribing of them correctly reported the testimony of the witness, which they purport to represent and state, other than the mere fact that the translation of the notes were subsequently, at some indefinite time and in the absence of the defendant, read over to the witness and by such witness subscribed, a proper and sufficient predicate could not be said to be established for the admission of such secondary evidence. It needs no argument to demonstrate the wrong and injustice that might result to a defendant from such practice.

Moreover, the question as to what was the testimony of these two witnesses on the preliminary trial was one of fact for the jury to determine. When the testimony of these two witnesses, taken down as above shown, was being read to the jury, the court instructed the jury to take this evidence as though the witness was present in person, testifying before them. In this the court erred. The evidence was secondary, and presupposed that there was better evidence, and it was admissible upon the ground that the better evidence was not obtainable, and for the further reason that the ends of justice might not fail because of an inability to produce the primary or better evidence. The presence of the witness delivering the testimony affords the jury an

opportunity of seeing the witness, his manner, and his conduct in delivering his testimony, to determine the weight to be given it. In the admission of the secondary evidence, the jury is deprived of these conditions and circumstances in determining what weight should be accorded the evidence.—*Fleming v. State,* 150 Ala. 19, 43 South. 219.

The defendant's witness Manning should have been allowed to testify. We are not unmindful of the fact that it has been held that the admission of the testimony of a witness who has been put under the rule and who has violated the rule is in the discretion of the trial court, and as a general rule the action of the trial court in the exercise of this discretion will not be reviewed on appeal. The better practice, however, seems to be to permit the witness to testify and punish for the violation of the rule. We are of the opinion that where the rule is invoked as to witnesses, and is violated by a witness without any fault on the part of the defendant, the court has not the right under the law to deprive the defendant of the testimony of such witness. We think the right is one guaranteed to the defendant by the constitution, and of which he may not be deprived without fault on his part. In the present case Manning was not a witness at the time the rule was invoked and the witnesses were sworn and put under the rule. His evidence at this time was not known to the defendant or his counsel, and as soon as it became known he was sent without the hearing of the case, and was afterwards sworn and put under the rule. It is evident that neither the witness Manning, nor the defendant, nor his counsel was at fault. Under these circumstances, we are clearly of the opinion that the defendant was entitled to the testimony of this witness as a matter of right. In support of what we have said above, we call attention to the cases cited in brief of counsel for appellant.

That portion of the oral charge of the court, excepted to by the defendant, when taken in connection with the charge as a whole, was free from error. It was a conceded fact that Hasson and Dean were jointly indicted with the defendant. There was also evidence tending to show that these parties participated in the difficulty, which resulted in the homicide.

Written charge 32, requested by the defendant, was properly refused, it singles out and gives undue prominence to one phase of the testimony, besides being argumentative.—*Gilmore v. State*, 126 Ala. 20, 28 South. 595; *Austin v. State*, 145 Ala. 37, 40 South. 989.

Charge 36 was properly refused. The charge did not negative a willingness on the part of the defendant to enter into the combat, and there was evidence from which the jury was authorized to infer such willingness. For the same reason there was no error in refusing charge No. 40.

In the foregoing opinion we have considered all the questions discussed by counsel for appellant in their brief. There were many objections made and exceptions reserved on the introduction of evidence; but, as learned counsel for appellant declined to discuss the same, we may fairly conclude that such exceptions are wanting in merit, and, after having gone over them, we entertain such opinion.

For the errors pointed out, the judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.