180 So. 119

**MITCHELL v. STATE.**

3 Div. 795.

Court of Appeals of Alabama.
Feb. 8, 1938.

Rehearing Denied March 8, 1938.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

120

T. E. Martin and Hill, Hill, Whiting &
Rives, all of Montgomery, for appellant.

BRICKEN, Presiding Judge.

The indictment charged the defendant with the commission of a felony. In the first count it was charged that he feloniously took and carried away one ton of cotton seed, of the value of $50, the personal property of K. T. McLemore. The second count charged that he did buy, receive, conceal, or aid in concealing, one ton of cotton seed, of the value of $50, the personal property of K. T. McLemore, knowing it was stolen and not having the intent to restore it to the owner, etc.

The trial in the lower court resulted in the conviction of the defendant under a general verdict of "guilty as charged in the indictment"; returned by the jury.

On the trial, the State's case rested principally upon the testimony of admitted accomplices; it therefore became necessary that other evidence tending to connect the defendant with the commission of the offense should be adduced in corroboration of that given by the accomplices. Under the statute, if such corroboratory evidence merely tended to show the commission of the offense or the circumstances thereof, it would not be sufficient to meet the rule as to the burden resting upon the prosecution in this connection. Code 1923, § 5635. The trial court so charged the jury.

Upon the theory that there was no evidence, other than that of the accomplices, tending to connect the defendant with the commission of the offense, the defendant requested charge 1, which was the general affirmative charge. The court refused this charge, and as a result the appellant insists that reversible error was committed. We do not so conclude. We are of the opinion there was some evidence adduced upon the trial which came within the stated rule. The question as to whether there was evidence on the given point was one of law for the court to determine. Its weight, probative force, and sufficiency rested with the jury. For this reason we may not put the court in error in refusing said charge.

Charge 8 was properly refused as not being predicated upon the consideration of all the evidence.

Charge 10, refused to defendant, was predicated upon the consideration of the evidence, and should have been given. The charge has had the approval of the appellate courts of this State for many years. Arrington v. State, 24 Ala.App. 233, 133 So. 592, and cases cited. We note the intimation of appellant's counsel, in brief, that, "the court evidently denied this charge because the word 'innocence' was spelled incorrectly; for the court underscored that word in the charge." As the charge appears in the record, the word "innocence" is spelled "innocense," using an "s" instead of the last "c" in the word. The court would not

be justified, or sustained, in refusing the charge, for this manifestly clerical error, for the sense of the charge is in no manner obscured, and certainly any person reading the charge would experience no difficulty in ascertaining its meaning and in all probability would not detect the defect contained therein. "Before an objection because of false grammar, incorrect spelling, or mere clerical errors [even as to an indictment], is entertained, the court should be satisfied of the tendency of the error to mislead, or to leave in doubt as to the meaning a person of common understanding, reading, not for the purpose of finding defects, but to ascertain what is intended to be charged." Grant v. State, 55 Ala. 201. The same rule applies as to special written charges or instructions. Except as to the small clerical error above discussed the charge was good, and, as stated above, the court should have given it. Witt v. State, 5 Ala.App. 137, 59 So. 715; Stallworth v. State, 155 Ala. 14, 46 So. 518; Sanders v. State, 2 Ala.App. 13, 19, 56 So. 69; Holland v. State, 11 Ala.App. 134, 66 So. 126.

■ Charge 13 was properly refused because of the use of the word "supposition." Smith v. State, 197 Ala. 193, 202, 72 So. 316, 320. In the Smith Case, supra, the court in discussing this identical charge said: "The charge was properly refused, for the use of the word 'supposition.' All cases in this state, holding that the refusal of such a charge is erroneous, are hereby overruled." See, also, Terry v. State, 226 Ala. 685, 148 So. 159; Gurley v. State, 216 Ala. 342, 113 So. 391.

■ It was not permissible, under the elementary rules of evidence, for the State to undertake to prove by its witness, Golly Green, what Rogers Hampton knew about the cotton seed of K. T. McLemore. The court should have sustained the objection to the unauthorized question propounded by the solicitor to said witness, to wit: "He (referring to Rogers Hampton) knew then Mr. McLemore had some cotton seed?" Nor was the answer of the witness, "Yes sir," permissible. A witness may not be allowed to testify as to what some one else may know. Bailey v. State, 107 Ala. 151, 18 So. 234, 235. In said case our Supreme Court, speaking through Chief Justice Brickell, said: "Evidence, to be competent, must consist of facts of which the witness has personal knowledge. If it be material to show a knowledge by a witness of a particular fact, it may be proper to inquire of him

whether the fact was or was not known to him. Of his own mental status, he is competent to testify. The mental status—the cognition—of another, is not a fact; it is of necessity, matter of opinion or conclusion, dependent on the facts from which the opinion is formed or the conclusion drawn. The court below erred in permitting the witness to testify that the defendant knew at the time of the difficulty that Rowell had gone to Loachapoka to get a warrant for him. The facts on which the witness formed the opinion, or from which the conclusion was drawn, should have been stated. The resulting opinion or conclusion was matter lying within the exclusive province of the jury. Planters' & Merchants' Bank v. Borland, 5 Ala. [531] 546; Peake v. Stout, 8 Ala. 647; Whetstone v. Bank, 9 Ala. [875] 886; Walker v. Walker's Ex'r, 34 Ala. [469], 473."

Of like import is the case of Delaney v. State, 148 Ala. 586, 42 So. 815, where the court said: "Furthermore, 'the mental status, the cognition of another, is not a fact. It is of necessity matter of opinion or conclusion, dependent on the facts from which the opinion is formed, or the conclusion drawn.' And while a witness, when it is proper to do so, may testify to his own mental status, yet he cannot testify that another knew or did not know a certain fact, but must detail the facts from which such conclusion is drawn."

See, also, the case of Louisville & Nashville Railroad Company v. Perkins, 165 Ala. 471, 51 So. 870, 871, 21 Ann.Cas. 1073. There the court said: "The court erred in overruling the objections to the questions to the witness Shade Henderson as to whether Oscar Darley knew that this suit was pending, etc. A witness cannot testify as to the cognitions of another."

■ The next insistence of error relates to the following, as shown by the record: The solicitor asked the defendant's witness, Brown, this question: "I ask you this, you did not perchance know at the time that Mitchell (defendant) was indicted for receiving oats too?" This line of inquiry was foreign to the issues involved upon the trial of this case. That it was highly prejudicial cannot be questioned. The court erred in overruling the timely objection to this question, and the exception reserved to this ruling must be sustained.

■ Mack Jordan, a witness for the defendant, was sworn and placed under the

rule with the other witnesses in the case. After being with the other witnesses for some time, he violated the rule, without the knowledge, consent, or connivance of the defendant; came into the courtroom and there remained hearing the evidence in the case for some one or two hours before he was called by the defendant as a witness. When he was called as a witness by the defendant, the solicitor objected to him testifying because he had violated the rule. The court announced that if he had violated the rule he would not permit him to testify. Upon an examination of the witness by the court, and the ascertainment of the fact from the witness that the witness had violated the rule, the court refused to permit him to testify, and to this action of the court the defendant then and there duly excepted. In this there was error.

In the case of Degg v. State, 150 Ala. 3, 43 So. 484, 486, the Supreme Court said: "The defendant's witness Manning should have been allowed to testify. We are not unmindful of the fact that it has been held that the admission of the testimony of a witness who has been put under the rule and who has violated the rule is in the discretion of the trial court, and as a general rule the action of the trial court in the exercise of this discretion will not be reviewed on appeal. The better practice, however, seems to be to permit the witness to testify and punish for the violation of the rule. We are of the opinion that where the rule is invoked as to witnesses, and is violated by a witness without any fault on the part of the defendant, *the court has not the right under the law to deprive the defendant of the testimony of such witness. We think the right is one guarantied to the defendant by the Constitution, and of which he may not be deprived without fault on his part.*" (Italics ours.)

 As stated above, the witness Mack Jordan was not permitted to testify, and the defendant was thus deprived of the benefit of his testimony; but, notwithstanding this, the solicitor in his closing argument to the jury stated: "Old Mack Jordan was stashed out there." To this statement the defendant objected. Whereupon the solicitor stated: "Well, I will withdraw the word 'stashed.' It would have been some more made up testimony." The defendant objected to this statement in argument and moved to exclude same, but the court overruled the objection and defendant excepted. The above ruling of the court was error. However unintentional upon the part of the solicitor to unduly prejudice the defendant, the remarks complained of could have had no other effect. They were not within the scope of legitimate argument, and the defendant's case should not have been thus burdened.

 The remaining question presented refers also to alleged improper argument of the solicitor wherein he turned to the defendant and stated: "You been slick too long, and your money made a fool out of you. You thought you could take your money and beat the case." In the first place there was no evidence in the case upon which to predicate the remarks complained of, and, being outside the record, the court should have sustained defendant's objection and granted his motion to exclude. Furthermore, we know of no provision of law, or rule of practice, providing that an attorney or solicitor may address his remarks direct to the defendant personally instead of confining his argument to addressing the jury. It cannot be doubted that the incident here complained of was prejudicial to the substantial rights of the accused and tended to place him in undue opprobrium before the jury.

No other questions are presented.

Reversed and remanded.