The petitioner, Michael C. Faircloth, and his cousin, Jim Carl Faircloth, were jointly *Page 495 
indicted and tried for attempted rape. Both were convicted and sentenced to 50 years' imprisonment. The Court of Criminal Appeals affirmed their convictions in a single opinion.Faircloth v. State, 471 So.2d 485 (Ala.Crim.App. 1984). Rehearing was denied, and the cousins thereafter filed separate petitions for writ of certiorari in this Court. Jim Carl's petition was denied. Michael's petition was granted in order for this Court to determine whether the Court of Criminal Appeals was correct in holding that the trial judge did not abuse his discretion in refusing to permit a defense witness to testify because the witness had violated the witness sequestration rule.
The facts concerning this issue are set forth as follows in the opinion by the Court of Criminal Appeals:
 "At the beginning of the trial, Michael's defense counsel invoked `the Rule.' The trial judge instructed counsel for both defendants: `You are both responsible for your own witnesses.' After the last defense witness testified, the following occurred:
 "`MR. ACCARDI (Assistant District Attorney): Your Honor, we are going to object to Sherry testifying, she was in the Courtroom.
 "`MR. WILLISSON (Michael's defense counsel): Were you in the Courtroom?
 "`THE COURT: This witness was in the Courtroom for a substantial part of the trial; is that correct, ma'am?
"`AN UNKNOWN WITNESS: Yes, it sure is.
"`MR. WILLISSON: Are you sustaining the objection?
 "`THE COURT: You invoked the Rule, I believe, and the witness has been in the Courtroom and has heard part of the testimony, and the State is objecting to that; so I would have to sustain it.
 "`MR. WILLISSON: Okay. Our other witness has not arrived. Your Honor.'
 "This constitutes all the information on this alleged error that is contained in the record. Although there was a motion for new trial, this issue was not raised. The witness was never further identified and there was no showing of her expected testimony."
The Court of Criminal Appeals noted that, generally, "`[i]f a witness in a criminal case violates the order without fault in the accused, the accused cannot be deprived of the witness's testimony as such deprivation would violate the accused's constitutional right to have witnesses testify in his behalf and at his call.' [C. Gamble], McElroy's Alabama Evidence, § 286.01 [(3d ed. 1977)]." That court then held that because there had been no proffer of the witness's expected testimony, nor any allegation that her testimony was material, the trial judge was presumed to have acted properly and without abusing his discretion in refusing to allow her to testify. Petitioner contends that this holding conflicts with this Court's decisions in Degg v. State, 150 Ala. 3, 43 So. 484 (1907), andPeters v. State, 240 Ala. 531, 200 So. 404 (1941), in that Degg
and Peters held that the defendant was entitled to the testimony of a witness who had been present in the courtroom while other witnesses testified and that neither case contained any express requirement or even a reference to a showing of the materiality of that witness's testimony.
In Degg, this Court stated:
 "The defendant's witness Manning should have been allowed to testify. We are not unmindful of the fact that it has been held that the admission of the testimony of a witness who has been put under the rule and who has violated the rule is in the discretion of the trial court, and as a general rule the action of the trial court in the exercise of this discretion will not be reviewed on appeal. The better practice, however, seems to be to permit the witness to testify and punish for the violation of the rule. We are of the opinion that where the rule is invoked as to witnesses, and is violated by a witness without any fault on the part of the defendant, the court has not the right under the law to deprive the defendant *Page 496 
of the testimony of such witness. We think the right is one guaranteed to the defendant by the constitution, and of which he may not be deprived without fault on his part. . . ." 150 Ala. at 9, 43 So. at 486.
Petitioner apparently would have us hold that this language applies in each and every situation where a defense witness violates a sequestration order so that the defendant is always entitled to have that witness testify in his behalf. It is clear, however, that this Court did not intend Degg to have that effect. Immediately following the above quoted language is this passage:
 "In the present case Manning was not a witness at the time the rule was invoked and the witnesses were sworn and put under the rule. His evidence at this time was not known to the defendant or his counsel, and as soon as it became known he was sent without the hearing of the case, and was afterwards sworn and put under the rule. It is evident that neither the witness Manning, nor the defendant, nor his counsel was at fault. Under these circumstances, we are clearly of the opinion that the defendant was entitled to the testimony of this witness as a matter of right. . . ." (Emphasis added.) Id.
A similar situation existed in Peters:
 "The fact that Margaret Waltman, who was not subpoenaed as a witness, had been in the courtroom and heard some of the witnesses testify, did not justify the court in refusing to allow defendant to examine her as a witness, since it was made to appear that neither the defendant nor his counsel knew that she was an eye witness to a part of the difficulty between defendant and the Whitehursts, and she was not in the courtroom by procurement of defendant or his counsel. . . ." (Emphasis added.) 240 Ala. at 535, 200 So. at 407.
The purpose of the witness sequestration rule is to prevent any one witness from hearing the testimony of other witnesses and perhaps perceiving the value of his own testimony to one party or the other. Obviously, if witnesses are sequestered, they are not able to "strengthen or color their own testimony, or to testify to greater advantage in line with their bias, or to have their memories refreshed — sometimes unduly — by hearing the testimony of other witnesses." Louisville Nashville R.R. Co. v. York, 128 Ala. 305, 310, 30 So. 676, 678
(1901). A blanket holding that a defendant is entitled to the testimony of any witness who has violated a sequestration order would completely nullify the witness sequestration rule.
As was recognized in Degg, it is well settled in this state that the question of whether a witness who has violated a sequestration order may thereafter testify is a matter which lies within the sound discretion of the trial judge. See alsoStephens v. State, 250 Ala. 123, 33 So.2d 245 (1947); State v.Brookshire, 2 Ala. 303 (1841). Certainly, as the Court of Criminal Appeals noted, an accused may not be deprived of a witness's testimony solely because the witness disobeyed a sequestration order when that deprivation would violate the accused's constitutional right to have witnesses testify in his behalf. However, if the witness's testimony is not material to the case, there clearly is no violation of the accused's constitutional rights in refusing to permit that witness to testify. There is no prejudice to the accused in being deprived of a witness whose testimony is not material to the case. It is therefore incumbent upon the defendant in the usual case to show that the proffered witness's testimony is material. If the accused fails to make a proffer of the expected testimony of the witness, showing the materiality of that testimony, the trial court should not be put in error for refusing to permit the witness to testify.
This holding is not in conflict with either Degg or Peters.
As we demonstrated above, Degg and Peters both involved witnesses who were not known to the defendant to be witnesses at the time the rule was invoked. The facts before us indicate that this was not the situation in the present case. Moreover, it was clear in Peters that *Page 497 
the testimony of the witness was, in fact, material, as "she was an eye witness to a part of the difficulty between defendant and the Whitehursts."
Furthermore, it is readily apparent from Degg that the defendant must be "without fault" in the witness's violation of the sequestration order. Petitioner was explicitly instructed when he invoked the sequestration rule that he was "responsible for [his] own witnesses." Obviously, petitioner failed to see that his witnesses stayed out of the courtroom. This can be characterized as "at the least an impermissibly negligent action." McElroy v. State, 154 Ga. App. 638, 639,269 S.E.2d 497, 498 (1980).
We recognize that there is no necessity for a showing of materiality where it is clear from the evidence previously adduced that the testimony of the proffered witness is material. See Braswell v. Wainwright, 463 F.2d 1148 (5th Cir. 1972). As no additional facts were presented for our consideration pursuant to Rule 39 (k), A.R.A.P., our review in this case is limited to the facts set forth in the opinion of the Court of Criminal Appeals. Ex parte Bates, 461 So.2d 5
(Ala. 1984); Rule 39 (k). We find nothing in those facts to indicate that the testimony of the witness "Sherry" was in any way material.
In this case, petitioner himself invoked the rule, he was then informed that he was responsible for his own witnesses, he failed to meet this responsibility, and he failed to make any showing of the materiality of the witness's expected testimony. Under these circumstances, we find no abuse of discretion in the trial court's refusal to permit this witness to testify.
Petitioner has also cited Mitchell v. State, 28 Ala. App. 119,180 So. 119, cert. denied, 235 Ala. 530, 180 So. 123 (1938), to support his position. Unlike Degg and Peters, the witness inMitchell was sworn and placed under the rule with the other witnesses. All we are told concerning the witness's subsequent violation of the rule is that it was "without the knowledge, consent, or connivance of the defendant." 28 Ala. App. at 123,180 So. at 122. Citing Degg, the Court of Appeals held that the trial court erred in refusing to permit the witness to testify. As we have shown, Degg does not require that the defendant be permitted to call any and all witnesses who violate a sequestration order. There must be some showing that the witness's testimony is material and the defendant must be without fault in the witness's violation of the rule. To the extent that Mitchell conflicts with this holding, it is hereby overruled.
For the reasons stated above, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Justices concur.