ALMON, Justice.
The petitioner, Michael French, brought an action against GTE Communication Systems (“GTE”) in Madison County District Court, alleging breach of contract. After hearing French’s testimony, the district court entered judgment in favor of GTE. French appealed to the circuit court. GTE filed a motion for summary judgment, which was granted. French appealed to the Court of Civil Appeals, which affirmed the judgment of the circuit court, 547 So.2d 543. French then petitioned this Court for a writ of certiorari.
The facts are sufficiently set forth in the opinion of the Court of Civil Appeals and only a brief statement is necessary here. French lived in Indiana. GTE offered him a job in Huntsville. Included in the offer was a mortgage interest rate differential (“MIRD”) payment plan. French accepted the offer and moved to Huntsville. Approximately one year later, French was terminated by GTE for business reasons. After French’s termination, GTE stopped making the MIRD payments. French then filed this suit.
French first contends that the Court of Civil Appeals erred in affirming the circuit court’s order overruling his motion to suppress the transcript of the district court proceedings. The district court did not appoint an official reporter to record the proceedings. GTE, however, hired a stenographer to record the proceedings. When GTE filed its motion for summary judgment in the circuit court, it also filed a copy of its stenographer’s transcript of the district court proceedings. French contends that the circuit court should not have considered the transcript in reaching a decision. We agree.
In the early case of Olds v. Powell, 10 Ala. 393 (1846), one Thomason was called as a witness to impeach the testimony of another witness. The witness whose testimony Thomason was called to impeach had testified at a previous trial. Thomason had apparently been present at the prior trial and had taken notes of the witness’s testimony. The memorandum made by Thoma-son was offered into evidence. This Court *548 held that “the only purpose which the memorandum could subserve, was to revive a forgotten train of thought, by the mention of a fact, or incident, which had occurred, and which when brought before the mind, would bring with it, the other facts with which it had been originally associated — a process of the mind with which everyone is familiar. The memorandum itself, was not evidence for any purpose.” 10 Ala. at 399 (emphasis added).
In Degg v. State, 150 Ala. 3, 43 So. 484 (1907), the defendant was charged with murder. Two of the prosecution’s primary witnesses, Girard and Moore, were unable to appear at trial. However, both of these witnesses had testified at a “preliminary trial.” Their testimony in the prior trial was not recorded by an official reporter. It was, however, taken in stenographic notes by a stenographer who was employed by one of the parties to the prosecution. In holding that the transcript of the testimony taken in the prior trial was inadmissible, this Court stated:
“It does not appear that the stenographer was an officer of the law and that he made the notes of the testimony of the witnesses and transcribed the same in the discharge of his duty as such an officer of the law, and hence no presumption can be indulged in favor of the correctness of the stenographic notes or of the transcribing, as might be the case if such stenographer had been acting in his official capacity.”
150 Ala. at 8, 43 So. at 486.
In Woods v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681 (1920), the testimony of one Bromberg in a prior trial of the same case in an inferior court had been recorded by an unofficial stenographer. This Court held that the stenographer’s transcript of Bromberg’s testimony was but hearsay and was not admissible in evidence. The Court went on to state that it was competent for any witness who heard Bromberg’s former testimony to state what it was, but that only such portions of it were admissible as tended to contradict his present testimony. Thus it was held that although witnesses could testify as to Bromberg’s statements for the purposes of impeachment, the unofficial transcripts were not admissible.
In Middleton v. Hartford Accident & Indem. Co., 119 F.2d 721 (5th Cir.1941), the trial was reported by a stenographer. The court noted that the record did not indicate that the stenographer had been appointed pursuant to either Rule 80(a) or (b),[1] F.R. Civ.P. The court held that, unless the stenographer had been appointed, or was agreed on by the parties as a proper stenographer, the trial was not “stenographi-cally reported.” The court further held that the rule concerning official transcripts on appeal “does not contemplate that one party shall employ a stenographer of his choice to report for him, without the authority of court or adversary.” Id., at 724.
GTE correctly points out that Ala.Code 1975, § 12-12-2(c), allows any party to employ a reporter or provide for a transcript of the proceedings in district court on his own account. At first glance, it appears that § 12-12-2(c) is in conflict with Olds, Degg, Woods, and Middleton. However, upon closer inspection, it becomes clear that there is no conflict. Section 12-12-2(c) allows a party to employ a reporter or provide for a transcript, but it does not say for what purposes the transcript may be used. Olds allows the transcript to be used as a means to “revive a forgotton train of thought.” Degg and Woods simply say that an unofficial transcript may not be introduced into evidence. Middleton says that an unofficial transcript is not “steno-graphically reported” within the meaning of F.R.Civ.P. 80 and is not an official transcript on appeal.
The Court of Civil Appeals relied on Rule 80, Ala.R.Civ.P., in holding that the transcript at issue here is admissible. That court did not address the effect of §§ 12-17-270 through -277, however. Moreover, the principle of the cases discussed above is incorporated in the committee comments to Rule 80 itself:
*549 “The rule applies only to an official stenographer. Although a private stenographer or an offical stenographer not acting within the scope of his official duty would be a competent witness as to what was said, his certification of the transcript does not make it admissible within this rule.” (Citations omitted.)
We affirm the holdings in Olds, Degg, Woods, and Middleton and hold that an unofficial transcript, prepared by a person not duly appointed as an official court reporter pursuant to the provisions of Ala. Code 1975, §§ 12-17-270 through 277, or approved by the adverse party or parties, is inadmissible in a subsequent trial. The appointment by the court of an official reporter, § 12-17-270, and the oath taken by the reporter, § 12-17-273, serve as protections to both parties, ensuring the accuracy and impartiality of the reporting. On the other hand, a transcript by a reporter hired and paid by one party has no such guarantee of authenticity, and the opposing party is provided no protection from possible errors or even fraud.
Because evidence that would not be admissible at trial can not be considered on a motion for summary judgment, see Welch v. Houston County Hosp. Bd., 502 So.2d 340 (Ala.1987), the Court of Civil Appeals erred in holding that the circuit court properly considered the unofficial transcript in reaching a decision to grant GTE’s motion for summary judgment. Without the transcript, the evidence does not support a summary judgment for GTE.
The judgment of the Court of Civil Appeals is reversed and the cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. Rule 80, A.R.CÍV.P., does not contain subsections (a) and (b) as did federal Rule 80 at the time Middleton was decided. However, the subject matter and the requirements of subsections (a) and (b) are covered by Ala.Code 1975, §§ 12-17-270 through 12-17-277. See Committee Comments to Rule 80, A.R.Civ.P. Therefore, the decision in Middleton is instructive.