WINDOM, Judge.
David Phillip Wilson appeals his two capital-murder convictions and sentences of death. Wilson was convicted of one count of capital murder for taking the life of Dewey Walker during the course of a robbery, see § 13A-5-40(a)(2), Ala.Code 1975, and a second count of capital murder for taking the life of Dewey Walker during *746 the course of a burglary, see § 13A-5-40(a)(4), Ala.Code 1975. By a vote of 10-2, the jury recommended that Wilson be sentenced to death. The circuit court accepted the jury’s recommendation and sentenced Wilson to death.
On appeal, Wilson asks this Court to remand the cause to the circuit court with instructions for it to hold a hearing pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] Specifically, Wilson argues that the record raises an inference that the State used its peremptory challenges in a racially discriminatory manner. After noting that Wilson did not raise a Batson objection at trial, the State also asks this Court to remand this cause to the circuit court to hold a hearing pursuant to Batson.
This Court has explained:
“In Batson the United States Supreme Court held that black veniremembers could not be struck from a black defendant’s jury because of their race. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the court extended its decision in Batson to apply also to white defendants.... The United States Supreme Court in Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the protections of Batson were also available to defense counsel in criminal trials. The Alabama Supreme Court has held that the protections of Batson apply to the striking of white prospective jurors. White Consolidated Industries, Inc. v. American Liberty Insurance, Co., 617 So.2d 657 (Ala.1993).”
Grimsley v. State, 678 So.2d 1194, 1195 (Ala.Crim.App.1995).
Although Wilson did not raise a Batson objection at trial, this failure does not preclude this Court’s review. See Rule 45A, Ala. R.App. P.
“Under the ‘plain error’ doctrine, as enunciated in Rule 45A, [Ala. R.App. P.,] the Court of Criminal Appeals is required to search the record in a death penalty case and notice any error (ruling or omission) of the trial court, and to take appropriate action, whenever such error has or probably has adversely affected the substantial right of the [defendant], in the same manner as if defendant’s counsel had preserved and raised such error for appellate review.”
Ex parte Johnson, 507 So.2d 1351, 1356 (Ala.1986) (citations and quotations omitted). “For plain error to exist in the Batson context, the record must raise an inference that the State engaged in ‘purposeful discrimination’ in the exercise of its peremptory challenges.” Lewis v. State, 24 So.3d 480, 489 (Ala.Crim.App.2006) (citing Ex parte Watkins, 509 So.2d 1074 (Ala.1987)).
The Alabama Supreme Court has explained:
“The following are illustrative of the types of evidence that can be used to raise the inference of discrimination:
“1. Evidence that the ‘jurors in question share[d] only this one characteristic — their membership in the group — and that in all other respects they [were] as heterogeneous as the community as a whole.’ [People v.] Wheeler, 22 Cal.3d [258,] at 280, 583 P.2d [748,] at 764, 148 Cal.Rptr. [890,] at 905 [ (1978) ]. For instance ‘it may be significant that the persons challenged, although all black, include both men and women and are a variety of ages, occupations, and social or *747 economic conditions,’ Wheeler, 22 Cal.3d at 280, 583 P.2d at 764, 148 Cal.Rptr. at 905, n. 27, indicating that race was the deciding factor.
“2. A pattern of strikes against black jurors on the particular venire; e.g., 4 of 6 peremptory challenges were used to strike black jurors. Batson, 476 U.S. at 97, 106 S.Ct. at 1723.
“3. The past conduct of the offending attorney in using peremptory challenges to strike all blacks from the jury venire. Swain [v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) ].
“4. The type and manner of the offending attorney’s questions and statements during voir dire, including nothing more than desultory voir dire. Batson, 476 U.S. at 97, 106 S.Ct. at 1723; Wheeler, 22 Cal.3d at 281, 583 P.2d at 764,148 Cal.Rptr. at 905.
“5. The type and manner of questions directed to the challenged juror, including a lack of questions, or a lack of meaningful questions. Slappy v. State, 503 So.2d 350, 355 (Fla.Dist.Ct.App.1987); People v. Turner, 42 Cal.3d 711, 726 P.2d 102, 230 Cal.Rptr. 656 (1986); People v. Wheeler, 22 Cal.3d 258, 583 P.2d 748, 764, 148 Cal.Rptr. 890 [905] (1978).
“6. Disparate treatment of members of the jury venire with the same characteristics; or who answer a question in the same or similar manner; e.g., in Slappy, a black elementary school teacher was struck as being potentially too liberal because of his job, but a white elementary school teacher was not challenged. Slappy, 503 So.2d at 352 and 355.
“7. Disparate examination of members of the venire; e.g., in Slappy, a question designed to provoke a certain response that is likely to disqualify a juror was asked to black jurors, but not to white jurors. Slappy, 503 So.2d at 355.
“8. Circumstantial evidence of intent may be proven by disparate impact where all or most of the challenges were used to strike blacks from the jury. Batson, 476 U.S. at 93, 106 S.Ct. at 1721; Washington v. Davis, 426 U.S. [229,] 242, 96 S.Ct. [2040,] 2049 [, 48 L.Ed.2d 597 (1976) ].
“9. The offending party used peremptory challenges to dismiss all or most black jurors, but did not use all of his peremptory challenges. See Slappy, 503 So.2d at 354, Turner, supra.”
Ex parte Branch, 526 So.2d 609, 622-23 (Ala.1987).
Here, both Wilson and the State ask this Court to remand this cause to the circuit court to provide the State with an opportunity to explain its reasons for striking African-American veniremembers. This Court’s “review of the record indicates that, if the defense had filed a Bat-son motion at trial raising the arguments he now raises, the trial court would have been obligated to require the prosecution to state the reasons for each of its peremptory challenges.” Whatley v. State, [Ms. CR-08-0696, Oct. 1, 2010] — So.3d -, - (Ala.Crim.App.2010). Because Wilson did not raise a Batson objection at trial, the State did not have an opportunity to respond to his allegations or to provide its reasons for striking African-American veniremembers. Further, the circuit court is in a better position to evaluate the parties’ arguments and to rule on the propriety of the State’s reasons for striking African-Americans because it was present during the jury-selection proceedings.
Thus, in accordance with the parties’ request, this Court remands this cause to *748 the circuit court for that court to hold a hearing during which it is to require the State to provide its reasons for striking African-American veniremembers and to provide Wilson with an opportunity to “offer evidence showing that the [State’s] reasons or explanations are merely a sham or pretext.” Preachers v. State, 963 So.2d 161,166 (Ala.Crim.App.2006) (citations and quotations omitted). See also Batson, 476 U.S. at 97. The circuit court shall make a determination regarding whether the State has provided legitimate race-neutral reasons for striking African-American venire-members. If the State cannot provide legitimate race-neutral reasons for the use of its peremptory challenges against African-American veniremembers or if Wilson establishes that the State’s reasons are a sham or pretext, Wilson shall be entitled to a new trial. See, e.g., Lewis v. State 24 So.3d 480 (Ala.Crim.App.2006). If, on the other hand, the State provides legitimate race-neutral reasons for using it peremptory challenges against African-Americans, Wilson shall not be entitled to a new trial. In either event, the circuit court shall make written findings of fact.
Further, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 90 days after the release of this opinion. The return to remand shall include a transcript of the Batson hearing and the circuit court’s written findings of fact.
REMANDED WITH INSTRUCTIONS.
WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.

. Wilson raises numerous additional issues on appeal. Because Wilson’s Batson issue may be dispositive, this Court pretermits discussion of those additional issues.