Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

### CR-2023-0278

———————————————

**Deanta Antwon Lavender**

**v.**

**State of Alabama**

**Appeal from Tuscaloosa Circuit Court**
**(CC-20-1344)**

McCOOL, Judge.

Deanta Antwon Lavender appeals his convictions for murder, see § 13A-6-2, Ala. Code 1975; attempted murder, see § 13A-4-2 and § 13A-6-2, Ala. Code 1975; and discharging a firearm into an unoccupied vehicle, see § 13A-11-61, Ala. Code 1975. The trial court sentenced Lavender to

life imprisonment for his murder and attempted-murder convictions and sentenced him to 10 years' imprisonment for his discharging-a-firearm-into-an-unoccupied-vehicle conviction. Those sentences are to run concurrently.

Facts

In the early morning hours of July 5, 2020, Kevin Matthews was shot and killed in the parking lot of an apartment complex in Tuscaloosa. Three witnesses for the State -- Jarodrick Nelson, Jamarcus Shaw, and Lavender's brother Antonio -- testified that they saw Lavender repeatedly shoot Matthews. Nelson further testified that Lavender shot him twice after shooting Matthews, and Shaw further testified that he saw Lavender shoot at another person who was hiding behind an unoccupied truck during the melee. The State's evidence indicated that two of the shots Lavender fired at that person hit the unoccupied truck.

Discussion

The only claim Lavender raises on appeal is that the trial court erred by denying his motion for a judgment of acquittal because, he says, the State's evidence was not sufficient to sustain his convictions. In support of that claim, Lavender argues that the testimony of the three

2

eyewitnesses were "fraught with inconsistencies and should be discounted," that neither Shaw nor Nelson identified him as the shooter at the time of the offenses, that Antonio admitted on cross-examination that he "was drunk and high" at the time of the offenses and that there was "bad blood" between Lavender and him, and that "there was no physical evidence connecting [him (Lavender)] to the shooting." (Lavender's brief, p. 7.)

> In reviewing the sufficiency of the State's evidence, this Court
>
> "'"must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."' Ballenger v. State, 720 So. 2d 1033, 1034 (Ala. Crim. App. 1998) (quoting Faircloth v. State, 471 So. 2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So. 2d 493 (Ala. 1985))."

Wilson v. State, 142 So. 3d 732, 809 (Ala. Crim. App. 2010).

Section 13A-6-2(a)(1) provides that "[a] person commits the crime of murder if[,] … [w]ith intent to cause the death of another person, he or she causes the death of that person or of another person."

Section 13A-4-2(a) provides that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he or she does any overt act towards the commission of the offense."

Section 13A-11-61(a) provides that "[n]o person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state."

This Court has explained that "'[t]he testimony of an eyewitness, standing alone, is sufficient to support a defendant's conviction.'" Yancey v. State, 65 So. 3d 452, 473 (Ala. Crim. App. 2009) (quoting Lopez v. State, 415 So. 2d 1204, 1206 (Ala. Crim. App. 1982)). Here, the State presented three eyewitnesses who testified that they saw Lavender repeatedly shoot Matthews, who died as a result of his gunshot wounds, and Lavender's intent to kill Matthews could be inferred from his use of a deadly weapon. Henderson v. State, 248 So. 3d 992, 1007 (Ala. Crim. App. 2017). In addition, Nelson testified that Lavender shot him twice, and, again, Lavender's intent to kill Nelson could be inferred from his use of a deadly weapon. Id. Finally, Shaw testified that he saw Lavender shoot at a person who was hiding behind an unoccupied truck, and the State's evidence indicated that two of the shots Lavender fired at that person hit the truck.

4

The State's eyewitnesses clearly provided a sufficient basis upon which to convict Lavender of the murder of Matthews, the attempted murder of Nelson, and discharging a firearm into an unoccupied vehicle. Thus, the trial court did not err by denying Lavender's motion for a judgment of acquittal and submitting those charges to the jury. The arguments Lavender makes -- that the State's eyewitnesses were not credible and that there was no physical evidence to connect him to the crimes -- are arguments that address the weight of the evidence, not its sufficiency. See Harris v. State, [Ms. CR-2022-0934, Feb. 9, 2024] ___ So. 3d ___, ___ (Ala. Crim. App. 2024) (noting that the defendant's arguments regarding a witness's credibility and the lack of physical evidence connecting him to the crimes were arguments that addressed the weight of the evidence). To the extent Lavender has attempted to raise a weight-of-the-evidence claim, he failed to preserve that claim for appellate review because he did not raise it in a motion for a new trial. Adams v. State, 336 So. 3d 673, 686 (Ala. Crim. App. 2020).

The only claim Lavender has raised on appeal lacks merit. Thus, we affirm Lavender's convictions. However, we must remand this case to the trial court for that court to correct a sentencing error. Neither

party raises an issue regarding Lavender's sentences, but it is well settled that "'[m]atters concerning unauthorized sentences are jurisdictional'" and that this Court therefore "'may take notice of an illegal sentence at any time.'" Harris ___ So. 3d at ___ (quoting, respectively, Hunt v. State, 659 So. 2d 998, 999 (Ala. Crim. App. 1994), and Austin v. State, 864 So. 2d 1115, 1117 (Ala. Crim. App. 2003)).

One of Lavender's convictions was for the offense of discharging a firearm into an unoccupied vehicle, which is a Class C felony. § 13A-11-61(c). At the time of Lavender's offenses, § 13A-5-6(a)(3), Ala. Code 1975, provided that the sentence for a Class C felony had to be "not more than 10 years or less than 1 year and 1 day and must be in accordance with subsection (b) of Section 15-18-8[, Ala. Code 1975,] unless sentencing is pursuant to Section 13A-5-9[, Ala. Code 1975]," i.e., the Habitual Felony Offender Act. At the time of Lavender's offenses, § 15-18-8(b), Ala. Code 1975, provided, in pertinent part:

> "Unless a defendant is sentenced to probation, drug court, or a pretrial diversion program, when a defendant is convicted of an offense that constitutes a Class C … felony offense and receives a sentence of not more than 15 years, the judge presiding over the case shall order that the convicted defendant be confined in a prison, jail-type institution, treatment institution, or community corrections program for a Class C felony offense … for a period not exceeding two years

6

in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for a period not exceeding three years and upon such terms as the court deems best."[1]

(Emphasis added.)

In short, then, at the time of Lavender's offenses,

"§§ 13A-5-6(a)(3) and 15-18-8(b), Ala. Code 1975, d[id] not allow a trial court to impose a 'straight' sentence for a Class C felony when the Habitual Felony Offender Act does not apply. Instead, under §[§] 13A-5-6(a)(3) and 15-18-8(b), once the trial court impose[d] on a defendant a sentence length between 1 year and 1 day and 10 years, the trial court [had to] either:

"(1) Sentence the defendant to probation, drug court, or a pretrial diversion program; or

"(2) 'Split' the confinement portion of the defendant's sentence to a period not exceeding two years, suspend the remainder of the defendant's sentence, and impose a term of probation on the defendant that does not exceed three years.

"Here, [Lavender] … was not sentenced under § 13A-5-9, Ala. Code 1975. Yet the trial court sentenced [Lavender] to

---

[1]Effective July 1, 2023, the Alabama Legislature amended § 13A-5-6(a)(3) and § 15-18-8. See Act No. 2023-461, Ala. Acts 2023. Under the amended statutes, § 13A-5-6(a)(3) does not require that a sentence for a Class C felony must be in accordance with § 15-18-8, and § 15-18-8 does not require a trial court to split a sentence for a Class C felony. However, the amended statutes do not apply retroactively to Lavender's 2020 offenses. Cosper v. State, [Ms. CR-2022-1168, Dec. 15, 2023] ___ So. 3d ___, ___ n.2 (Ala. Crim. App. 2023).

a 'straight' 10-year sentence in the Alabama Department of Corrections [for his Class C felony offense], which, as explained above, [was] impermissible under § 13A-5-6(a)(3), Ala. Code 1975[, at the time of Lavender's offenses]. Thus, we must remand this case to the trial court to impose a sentence on [Lavender] for his conviction for discharging a firearm into an unoccupied vehicle that complies with [the versions of] §§ 13A-5-6(a)(3) and 15-18-8(b) [that were in effect at the time of his offenses].

"In so doing, however, we note that [Lavender's] 10-year sentence is valid; thus, the trial court cannot change the underlying sentence. See generally Moore v. State, 871 So. 2d 106, 110 (Ala. Crim. App. 2003) (recognizing that, when the base sentence imposed by the trial court is valid, the trial court cannot alter it on remand)."

Born v. State, 331 So. 3d 626, 637-38 (Ala. Crim. App. 2020) (footnote and citation to record omitted). Lavender's sentences of life imprisonment for his murder and attempted-murder convictions are also valid and may not be changed. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this Court within 35 days from the date of this opinion, and the return to remand shall include the transcript of the new sentencing hearing and a copy of the new sentencing order.

## Conclusion

Lavender has not demonstrated that any reversible error occurred in his trial. Thus, we affirm Lavender's convictions. However, we remand the case to the trial court for that court to hold a new sentencing

8

hearing at which it imposes a sentence for Lavender's discharging-a-firearm-into-an-unoccupied-vehicle conviction that complies with the version of § 15-18-8(b) that was in effect at the time of his offenses.

AFFIRMED AS TO CONVICTIONS; REMANDED WITH INSTRUCTIONS AS TO SENTENCING.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.