# Bell *v.* The State.

### *Receiving Stolen Property.*

(Decided June 30, 1911. Rehearing denied Nov. 23, 1911.
56 South. 842.)

1. *Receiving Stolen Goods; Evidence; Sufficiency.*—The prosecution being for receiving meat stolen from a railway car, the evidence is examined and held to warrant the finding that the meat was placed in the car by the consignor, that it was stolen, that its value was more than $25.00, and that the defendant purchased it knowing it was stolen, and hence, charges declaring that there was no evidence of such fact, were properly refused.

2. *Same; Knowledge of Theft.*—In a prosecution for receiving stolen goods it is immaterial whether the defendant knew of the

[Bell v. The State.]

·exact place from which it was stolen, so long as he realized that it was stolen; hence, it was not error to refuse a charge asserting that there was no evidence that the defendant knew that the meat had been stolen 'from a railway car.

3. *Same; Instruction.*—The burden is on the state, in a prosecution for receiving stolen property, to show beyond a reasonable doubt that the property alleged to have been stolen was taken without the consent of the owner; hence, a charge asserting that the burden was on the state to show that the property was taken without the consent of the owner was misleading and properly refused.

4. *Charge of Court; Applicability to Issue.*—Charges should embody correct legal principles, applicable to the issue and to the evidence, and be expressed in clear and unambiguous language.

5. *Evidence; General Character.*—General character is the reputation one has made in the community in which he resides as the result of his conduct as a whole, and cannot be shown by proof of particular acts; hence, it may well be that one guilty of a crime may later establish a good character, but it is a question of fact for the jury, and they should not be instructed that a man's character may be good though he may have pleaded guilty to the crime of receiving stolen property.

6. *New Trial; Criminal Cases.*—It is within the irrevisable discretion of the trial court to grant or refuse a motion for new trial in a criminal case.

7. *Appeal and Error; Verdict; Review.*—The weight to be given the testimony and the credibility of the witnesses are questions for the jury to determine. and hence, this court cannot disturb a verdict of conviction because the evidence supporting it shows indications of being untrue.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Walter Bell was convicted of receiving stolen property, and he appeals. Affirmed.

The facts sufficiently appear in the opinion. The following charges were refused the defendant: (1) "I charge you that if you believe the evidence in this case, you must acquit the defendant." (13) "I charge you that under the evidence you cannot fix the value of the property received by the defendant at exceeding $15." (14) 'I charge you that there is no evidence in this case that the defendant knew that the goods received by him had been stolen from a railroad car." (16) "I charge you that there is no evidence in this case that the meat

alleged to have been stolen was in said car when it left St. Louis." (17) "I charge you that the burden is on the state to show that said meat alleged to have been stolen was not taken with the consent of the Southern Railway Company." (18) "I charge you that the general character of a man is what the people of the community think of him, and a man's character may be good, though he may have at some time pleaded guilty to the crime of receiving stolen property." (20) "I charge you that you cannot convict the defendant of receiving stolen property of value as much as the sum of $25." (21) "I charge you that there is no evidence in this case that the property alleged to have been received by the defendant was stolen from the Southern Railway Company." (22) "I charge you that there is no evidence in this case that the property alleged to have been received by defendant was the meat testified to as having been shipped by Morris & Co." (23) "I charge you that there is no evidence in this case that the property alleged to have been received by the defendant was stolen property."

MALLORY & MALLORY, and CRAIG & CRAIG, for appellant. Counsel discuss the evidence at length and insist that it fails to meet the requirements in making out the offense charged, and that it bears internal evidence of untruthfulness. They also discuss the charges refused, but without citation of authority except as to charge 17. As to this charge they cite *Boyd v. The State*, 150 Ala. 101.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel for state also discuss the evidence and insist that it warranted the finding and the judgment rendered there-

on. They further insist that charge 17 was properly refused on the authority of *Rogers v. The State*, 117 Ala. 9, and *Walker v. The State*, 134 Ala. 86. They refer generally to the case of *Phillips v. The State*, 162 Ala. 53.

DE GRAFFENRIED, J.—We are not able to affirm, as matter of law, that there was no evidence tending to show that the meat stolen, if there was any meat stolen, was shipped by Morris & Co., of St. Louis. The evidence, without conflict, shows that Morris & Co. placed a lot of meat at St. Louis, Mo., consigned to parties in Faunsdale and Demopolis, Ala., in a box car of the Mobile & Ohio Railroad; that, when the car, en route to Faunsdale and Demopolis, reached Selma, Dallas county, Ala., it was in apparent good order, with its seals intact; that when the car, the next day, left Selma its seals had been broken, and when the car reached Faunsdale and Demopolis it was discovered that meat placed in said car at St. Louis, consigned as above stated, was missing. The evidence further tended to show that during the night that said car remained in Selma a car at or near the point where this car was left was broken into, and meat stolen therefrom. It is therefore evident that there was evidence from which the jury had the right to infer that the meat stolen, if meat was stolen, was the meat placed in said car by Morris & Co.

Neither are we able to say, as matter of law, that there was no evidence tending to show that the defendant bought more than $25 worth of the meat so stolen, if it was stolen, with a knowledge that it had been stolen. There was evidence tending to show that he paid more than $25 for meat which the jury were authorized to infer from the evidence was the stolen meat,

if the meat was stolen, and as the defendant was a merchant, and knew the value of meat, the jury, from this circumstance, if they believed it, had the right to infer that the meat was worth more than $25. The evidence for the state further tended to show that the defendant had the meat hauled to his store in a wagon; that the seller told him "we will have to cover the meat up," and the defendant replied that he had a tarpaulin; and that, after the meat was placed in the wagon, it was covered up, and thus carried to the defendant's store. From this circumstance, if believed, together with the place from which the meat was obtained, there was sufficient evidence for the jury to have drawn the conclusion that the defendant knew, when he bought the meat, that it had been stolen.

That many indicia of untruth are attached to some of the material evidence offered on behalf of the state, without which evidence the case of the state would not have been made out, may be conceded; but this court is without authority to pass upon the credibility of witnesses testifying in a case tried by a jury. The credibility of witnesses and the weight to be given their testimony is for the jury alone. It cannot be said, as matter of law, that there was not evidence in the case from which the jury were authorized, if they believed it, to find the defendant guilty of the offense of which he was convicted, and we have no power to disturb their verdict.—*Council Stephens v. State,* 1 Ala. App. 159, 55 South. 940.

The law reposes in the judge who presides at the trial of a criminal case the power, when he believes that a defendant has been improperly convicted, either through perjury or from other cause, upon motion, to set the verdict of the jury aside and grant the defendant a new

trial. The motion for a new trial, in a criminal case, is addressed to the sound judicial discretion of the trial judge, who sees and hears the witnesses when they testify, and has the same opportunities of forming a conclusion as to their truthfulness and the weight to be given their testimony as the members of the jury. In the present case, such a motion was made and refused, and an appellate court has no authority to review the granting or the refusal to grant a motion for a new trial in a criminal case.

1. It follows, from what we have above said, that the court committed no error in refusing charges 1, 13, 16, 20, 21, 22, and 23 requested by the defendant.

2. Whether the defendant knew or did not know that the meat was stolen from a railroad car was immaterial. The question on that subject was, "Did he know that it was stolen?" and not, "Did he know that it was stolen from a certain place?" The court therefore properly refused charge 14 requested by the defendant.

3. General character is the reputation one has made in the community in which he resides, the result of his general walk and conversation, and cannot be shown by particular acts of good or bad conduct. It may be that, as an abstract truth, the proposition that a man's general character may be good, although at some time he has pleaded guilty to a crime involving moral turpitude, is correct, but that question, it seems to us, would, under the circumstances of each particular case, be a question of fact for the jury, and not a question of law for the court. "It often happens that judges in writing opinions, and authors of legal text-books, in discussing or defining legal propositions, express themselves in language wholly unsuited for the purpose of instructions to a jury." *McGee v. State*, 117 Ala. 231, 23 South. 798. It is certainly possible for a man who has been guilty of

a crime malum in se by the tenor of his life to establish in the community in which he lives a reputation for general good character, but a charge which undertakes to bring before a jury the consideration of mere possibilities is bad. *Booker v. State,* 76 Ala. 22. The court committed no error in refusing charge 18 asked by the defendant.

4. Charge 17 was incomplete, and for that reason was properly refused. The law requires the state, *by evidence,* to convince a jury, beyond a reasonable doubt, that property alleged to have been stolen was taken without the consent of its owner, but this charge does not state that the burden was on the state to prove, by evidence, that the property alleged to have been stolen was taken without the consent of the Southern Railway Company. When a charge is defective, a trial court will not be put in error for refusing it. A lawyer might know what was intended by this charge, but a layman might not. "Charges requested should be prepared with care by the counsel asking them. They should embody correct legal propositions, applicable to the issues and evidence, expressed in clear, unambiguous language, free from all involvement and from all tendency to mislead or to confuse the jury. These are the essential elements, as defined by the repeated decisions of this court, and instructions requested, wanting in them, have been often declared properly refused." *Howard v. State,* 108 Ala. 571, 18 South. 813; *Hooper v. State,* 106 Ala. 41, 17 South. 679; 1 Mayfield's Dig. p. 164, §§ 29, 30.

So far as this record discloses, the trial court committed no error on the trial of the defendant. The judgment of the court below is affirmed.

Affirmed.