(77 South. 339)

REEVES v. STATE. (1 Div. 6.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. CRIMINAL LAW ⊙⟶404—EVIDENCE—LOADED SHELL.

A shell shown to have been loaded by defendant, which had some tendency to show preparation for the offense charged, was properly admissible, even though not loaded with shot like those with which deceased was killed.

2. HOMICIDE ⊙⟶157(2)—EVIDENCE—FEELING BETWEEN DEFENDANT AND DECEASED.

In a homicide case, in which defendant claimed that the killing was accidental, it was proper to show the state of feeling existing between the defendant and deceased, his wife.

3. CRIMINAL LAW ⊙⟶364(3) — EVIDENCE — STATEMENT OF DEFENDANT—RES GESTÆ.

There was no error in allowing proof of what defendant was saying just after the shooting, as it was a part of the res gestæ, and could be presented by the state.

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Willie Reeves was convicted of uxoricide, and he appeals. Affirmed.

W. G. McCorvey, of Monroeville, for appellant. W. L. Martin, Atty. Gen., for the State.

MAYFIELD, J. The appellant was indicted and convicted of uxoricide, and sentenced to the penitentiary for life, and he now appeals. The killing with a deadly weapon, by shooting with a gun, was admitted. The only defense or palliation offered was that it was an accident—a case of—"I didn't know it was loaded." The proof was ample to support the verdict of murder in the first degree. No error apparent of record appears, after diligent search.

Accused was represented in the lower court and is here represented, by able counsel, who have filed a brief saying all that can be said to support a reversal of the judgment; but it is unavailing. We find no error of which the accused can lawfully complain. He was given on the trial all the law allows him. His testimony that the killing

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 154.

was an accident and that corroborating his own was evidently not believed by the jury.

Each of the defendant's refused charges was properly refused. The defendant was not necessarily innocent of any offense, if the killing was accidental. The other charges were either clearly misleading or argumentative, or palpably bad.

[1] The loaded shell was properly admitted in evidence. The mere fact that it was not loaded with shot like those with which deceased was killed did not render it inadmissible. It was shown to have been loaded by defendant, and had some tendency to show preparation for the offense charged.

[2] It was proper to show the state of feeling existing between defendant and deceased. Moreover, he himself offered evidence for the same purpose.

[3] There was no error in allowing proof of what defendant was saying, just after the shooting. It was a part of the res gestæ, and, it being the defendant himself speaking, of course, it was admissible by the state, even if not by the defense as a self-serving declaration.

We find no error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.