(121 So. 388)

## CRAWFORD JOHNSON & CO. v. PRYOR MOTOR CO. (6 Div. 987.)

Supreme Court of Alabama.    March 28, 1929.

Nesbit & Sadler, of Birmingham, for appellant.

Mullins & Jenkins and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

THOMAS, J. The appellant sued the appellee for damages on account of an alleged injury to one of its buildings by an employee of the defendant, appellee.

The plaintiffs were distributors of merchandise, and occupied two or more buildings, one of which was a garage some 50 by 80 feet, the roof of which was supported by trusses and beams which in turn were rested upon iron pillars. On the occasion complained of, an employee of the defendant had driven an Essex automobile belonging to the defendant into the plaintiffs' garage for the purpose of making a sale of the automobile to one of plaintiffs' employees. It was the theory of the plaintiffs, or the tendency of their evidence, that the automobile was caused by defendant's agent to be backed against one of the iron supporting pillars which was thereby knocked out of place at the bottom, shivering a part thereof, and in consequence the roof overhead fell, entailing a loss upon the plaintiffs. At the time the roof fell, the defendant's employee was the only person inside the garage, having been there an appreciable length of time, during which he had called for or sought to see the person he wished to try to sell, but had received no answer. The plaintiffs' tendency of evidence was that thereupon the employee attempted to turn the car so as to head out of the garage, and in doing so backed into and propelled from its base the iron pillar, with the result mentioned. The place of its base was near the rear axle of the car, and the top of that pillar was on the car, and its base rested upon the ground or floor back of the car; that is, the testimony, including certain photographs taken immediately after the roof fell, showed that the rear end of the car was immediately over the spot where the pillar had rested upon the floor and the pillar extended and resting as has been indicated. Two of the defendant's witnesses stated that the rear of the car was some distance away from that spot where the base of the pillar had stood. The testimony showed further that the car was at a different angle from the normal position of one which had been driven into the garage; that the iron post lay on top of the car, the end of the post being some four or five feet out from the rear of the car, and the bottom of the pillar showed one side to have been crushed or ground from its base, and a witness for plaintiffs found such pieces that exhibited or showed fresh break.

The theory of defendant was that the post and structure fell by reason of its insufficient support, and that its fall was not caused by any negligent act of defendant's agent in striking from its base the iron post on which the roof rested.

The kind or character of the roof and supports formerly done and used, and that of its repair or rebuilding, were immaterial to the issue being tried by the court. It was error to permit defendant, over due objection of plaintiff, to show that it was formerly supported by five wooden posts, or that, when repaired, other material than iron supports were employed. Thus the issues of construction as to the supports of the garage as presented were different and foreign to those existing at the time of the injury. The examination of the witness Amerine as to the former supports was erroneous.

The inquiry as to there being yellow paint on these roof supports or posts should have been, or will on another trial, no doubt, be confined to the support and post that fell and where the roof collapsed, and should not be extended to other supports of the garage and at points not here pertinent.

The expert witness, having examined the physical condition immediately after the fall and before changes were made thereon, should have been permitted to express an opinion as such expert as to the condition found to exist and the cause thereof. The effect, weight, or credibility of such evidence are questions for the jury, when considered in connection with the other evidence material to the opinion so expressed. Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537; Harbison-Walker Refractories

Co. v. Scott, 185 Ala. 641, 64 So. 547. In denying such expert testimony, after the witness had examined the locus in quo, supports, and timbers, the positions thereof, the position of the car, and its condition as crushed and held by the garage and roof that collapsed, there was error. He should have answered the question: "I will ask you to state whether or not, in your opinion, the roof and supports thereof, from the circumstances that you saw, were reasonably and properly constructed at the time the roof fell?" The witness Spencer, the "city building inspector" of more than fifteen years' experience in that office, who promptly inspected the building after its collapse, and gave the jury the condition as he officially investigated it, the location of the car, the post as it related and stood as to the original base of the post, etc., the broken end of the column or iron post, and stated "that the break on the end of the column that I (witness) saw was a fresh break," should have answered the questions: "I will ask you whether or not, in your opinion, the collapse of that roof was due to the weight of the roof upon the column only, or whether it was brought on by some blow against the side of the column?" and "I will ask you whether or not a column of that size and character is sufficient, normally, to support the weight that it carries, in your opinion?" The questions were propounded to him as an expert, and were rested upon the predicate of fact stated by that witness himself. It was not necessary that he should have seen the roof before it fell to have testified of the matter which was sought to be introduced by plaintiffs.

The fact that the fragments of the iron post were before the court and are not here is not sufficient to deny a reversal for the matters hereinabove indicated. The photographs in evidence are sufficiently informing with the oral testimony before us.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.