The defendant was indicted for the murder of his wife. Alabama Code 1975, Section 13A-6-2 (Amended 1977). A jury found him guilty of manslaughter. Sentence was eight years' imprisonment.
 I
Initially the defendant argues that the trial judge erred in the admission of testimony, over objection, which tended to imply that the defendant had beaten his wife over a period of years.
In its rebuttal case at trial, the State sought to prove, through the testimony of Helen Keeton, the mother of the deceased, that, during the eleven years the defendant and Linda Keeton Akers had been married, the defendant had frequently beaten his wife. The defendant objected to the admission of any such testimony: (1) because there was no testimony showing that a *Page 931 
"beating" had in fact taken place; (2) because there was no testimony directly connecting any "beating" to the defendant; and (3) because the evidence was too remote.
Mrs. Keeton testified that during the eleven-year period she had seen her daughter when she was "bruised and beat up". However, the trial judge limited the time period to a two-year period before Mrs. Akers' death. Mrs. Keeton then testified that, during the two years preceding her daughter's death, she had seen "her several times beaten and bruised, choked, where fingerprints were on her throat and . . ."; that she never saw the defendant "lay a hand on her"; that once in those two years she asked the deceased, in the presence of the defendant, what happened to her and the deceased said that the defendant did it; that she then asked the defendant why he did it and he replied, "I don't know."
The defendant then took the stand in rebuttal and denied ever hearing his wife tell Mrs. Keeton that he had beaten her up, denied that his wife "just pretty frequently got beat up" and stated that his wife bruised easily.
The defendant then moved to exclude the testimony of Mrs. Keeton and requested a mistrial.
The trial judge later excluded part of Mrs. Keeton's testimony with the following instructions to the jury:
 "THE COURT: Lady and gentlemen of the jury, yesterday afternoon Mrs. Keeton was testifying as a witness in the case, and my recollection is that there was some testimony about . . . there was testimony about an incident she described where her daughter, Linda Akers, and Rayburn Akers (the defendant), were present. That testimony is to be considered by the jury, but any other testimony by that witness as to any other happenings or anything like that that she observed, or that she was told by someone other than that one instance where Linda Akers and Rayburn Akers were both present, as well as Mrs. Keeton. The other is excluded and not for your consideration."
The defendant testified in his own behalf. On direct examination he testified that one year before his wife's death she told him, "I'll kill you you son of a bitch if I ever catch you asleep", and "about two years before that she tried for the gun one time and I got the gun away from her that time."
Under these circumstances we find no error in the admission of Mrs. Keeton's testimony as restricted by the subsequent instructions of the trial judge.
In a prosecution for the murder of a wife by her husband, their general relations toward each other and evidence of actual cruelty by the defendant upon his wife prior to the shooting are admissible on the question of whether the shooting was intentional or accidental, Shiflett v. State, 262 Ala. 337,78 So.2d 805 (1955), and on the questions of malice and intent.Blue v. State, 246 Ala. 73, 19 So.2d 11 (1934); Grooms v.State, 228 Ala. 133, 152 So. 455 (1934); Reeves v. State,201 Ala. 45, 77 So. 339 (1917); Padgett v. State, 49 Ala. App. 130,269 So.2d 147, cert. denied, 289 Ala. 749, 269 So.2d 154
(1972). Generally see C. Gamble, McElroy's Alabama Evidence, Section 45.06 (3rd ed. 1977). While evidence of previous difficulties should not be so remote in point of time as to have no legitimate bearing on the circumstances of the homicide or the points at issue, Dodd v. State, 32 Ala. App. 504,27 So.2d 259 (1946), this is a matter largely within the discretion of the trial judge. Smitherman v. State, 33 Ala. App. 316, 33 So.2d 396 (1948); McElroy, Section 21.01 (2).
 II
We have carefully reviewed each of the 138 written charges requested by the defendant including those 23 specifically noted by the defendant on this appeal. Most of the requested charges were fairly and substantially covered in the oral charge of the trial court and were therefore properly refused. Alabama Code 1975, Section 12-16-13. Some charges contained *Page 932 
misspelled words or grammatical errors and were properly refused. Griffin v. State, 284 Ala. 472, 225 So.2d 875 (1969);Bascom v. State, 344 So.2d 218 (Ala.Cr.App. 1977). Some were not predicated upon a consideration of all the evidence and for that reason were properly refused. Thompson v. State,369 So.2d 50 (Ala.Cr.App.), cert. denied, 369 So.2d 52 (Ala. 1979). Some charges used the term "must acquit" and were therefore properly refused. Buckelew v. State, 48 Ala. App. 411, 265 So.2d 195, cert. denied, 288 Ala. 735, 265 So.2d 202 (1972). Some charges did not embody correct legal principles, applicable to the issues and the evidence, expressed in clear, unambiguous language. Bell v. State, 2 Ala. App. 150, 56 So. 842 (1911). Other charges were simply misleading and confusing when applied to the facts and evidence of this particular case. Still other charges stated several distinct propositions of law, some of which were fully covered in the oral instructions of the trial court. Hughes v. State, 385 So.2d 1015 (Ala.Cr.App. 1980). In conclusion we do not find that the refusal of any of the defendant's written requested charges was so prejudicial to the defendant as to require a reversal.
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.