ALMON, Justice.
James Eatmon was adjudged guilty of sodomy in the first degree, in violation of Ala.Code 1975, § 13A-6-63, and attempted rape in the first degree, in violation §§ 13A-6-61 and 13A-4-2. In accordance with the habitual offender statute, § 13A-5-9, the trial judge sentenced Eat-mon to life, imprisonment without possibility of parole on the sodomy conviction and to life imprisonment on the attempted rape conviction.
The Court of Criminal Appeals reversed Eatmon’s convictions, holding that the trial court erred in refusing to give Eatmon’s requested written charge concerning his alibi defense. 575 So.2d 139. We granted the State’s petition for writ of certiorari to review the probable merit in its argument that the appellate court erred in holding that the trial court improperly refused Eat-mon’s requested jury charge.
The crimes for which Eatmon was convicted occurred during the summer of 1988, in the gymnasium locker room at the high school where the victim was working in a summer youth program. The State’s evidence included the testimony of the victim, who identified Eatmon, and the testimony of two other witnesses. One of these witnesses, the assistant custodian at the school, testified that he saw a man who matched Eatmon’s description running from the gymnasium around the time the crimes occurred. The other witness was a participant in the youth program who testified that she saw a man who matched Eatmon’s description leaving a bathroom at the school the day before the crimes occurred.
In his defense, Eatmon called two alibi witnesses who testified that they were visiting Eatmon’s house at the time the crimes occurred and that Eatmon was at home during that time. The single written jury charge submitted by Eatmon, which was refused by the court, read:
“The court charges the jury that if the evidence of the state consists of identification of a witness or witnesses of the accuracy of which the jury has a reason *144 able doubt than [sic] you cannot convict the defendant.”
The Court of Criminal Appeals found that Eatmon’s requested charge was indistinguishable from the following requested charge dealt with in Giles v. State, 366 So.2d 351, 352 (Ala.Cr.App.1978):
“The Court charges the jury that if, after considering all the evidence in this case, there is a reasonable doubt as to the presence of the Defendant near the scene of the alleged crime, then you should not convict the Defendant.”
While the intent of Eatmon and the defendant in Giles in requesting the charges may have been the same, we cannot agree that the two charges are indistinguishable.
Jury charges should be prepared with care by counsel requesting them. Bell v. State, 2 Ala.App. 150, 56 So. 842 (1911). Charges should be prepared with the layman in mind, because the jurors who must understand and apply them are usually laymen. The essential elements of acceptable proposed charges have long been recognized by this Court. Proposed charges should embody correct legal propositions, applicable to the issues and evidence and expressed in clear, unambiguous language.
The jury charge requested by Eatmon is deficient in two aspects. First, it is not expressed in clear, unambiguous language that is free from all tendency to confuse the jury. Eatmon requested that the court charge the jury that “if the state’s evidence consists of the identification of a witness or witnesses of the accuracy of which the jury has a reasonable doubt than [sic] you cannot convict the defendant.” As written, this instruction addresses “the identification of a witness or witnesses,” not the identification of the defendant by a witness or witnesses. We can only assume that Eatmon intended to use the word “by” rather than the word “of” in his requested instruction. However, written jury instructions must be given or refused by the court in the terms in which they are submitted. Bascom v. State, 344 So.2d 218 (Ala.Cr.App.1977). The terms tendered by Eatmon in this charge are confusing. Additionally, Eat-mon’s charge misuses the word “than” for the word “then.” Although a minor misspelling is not sufficient to justify the refusal of an otherwise correct charge, Phillips v. City of Dothan, 534 So.2d 381 (Ala.Cr.App.1988), the misspelling in this instruction adds additional confusion so as to justify the trial court’s refusal to give this instruction.
Second, Eatmon’s requested charge fails to state a correct legal proposition. Eatmon sought to have the jury charged that if it had a reasonable doubt of the accuracy of the identification “of” a “witness or witnesses” then it could not convict him. This instruction could lead the jury to think that if it doubted the accuracy of the identification by any one of the state’s witnesses, then it could not find Eatmon guilty. However, in order to find a criminal defendant guilty, a jury does not have to believe all the testimony of all the State’s witnesses. Although the identification of Eatmon by the school custodian was somewhat doubtful, the identification of him by the victim was definite. Clearly, the jury could have convicted Eatmon even if it had reasonable doubts concerning the accuracy of the identification by one of the witnesses so long as, after considering all of the evidence, it had no reasonable doubt that Eatmon was guilty of the offenses for which he was indicted. Thus, the trial court could validly refuse the requested charge as being an incorrect statement of the law, or, at best, as being too vague to be a completely correct statement of the law. Norsworthy v. State, 542 So.2d 950 (Ala.Cr.App.1989); Whisenhant v. State, 555 So.2d 219 (Ala.Cr.App.1988), aff’d, 555 So.2d 235 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 3230, 110 L.Ed.2d 676 (1990); Britain v. State, 533 So.2d 684 (Ala.Cr.App.1988).
The State argues that Eatmon’s objection to the failure of the trial court to give the jury his requested charge was not sufficient to preserve that issue for review. Because we find that the trial court correctly refused Eatmon's requested written instruction, we need not consider the suffi *145 ciency of his objection. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.