BOWEN, Judge.
Lalon F. Weeks was convicted of the possession of cocaine in violation of Ala. Code 1975, § 13A-12-212, and was sentenced to 15 years’ imprisonment. On this appeal from that conviction, he contends that the trial court erred in refusing to instruct the jury, as requested, on the weight to be given the testimony of the expert witness who identified the residue as cocaine. We agree.
The State’s evidence tended to show that the appellant, Robert Earl Gilmore, and Jessie Frankie Williams were apprehended in the act of smoking crack cocaine in a van. The cocaine was located inside a “crack pipe” — a short piece of radio antenna. David Thorn, a criminalist for the Alabama Department of Forensic Sciences, testified for the prosecution that the only *80 substance found inside of the pipe was a residue of cocaine and that there was no wax present. Although all three men and the van itself were searched, the only controlled substance found was the residue of cocaine in the crack pipe.
Defense witness Jessie Williams testified that the appellant and his companion, Gilmore, gave him some money and asked him to buy some crack for them. According to Williams, he had no cocaine and that he was unable to purchase any. Nevertheless, he retrieved the “stem” (the pipe) from “between some bricks [from an old barbecue pit in a park] where people keep, they stash stuff down there and everything.” He put candle wax in the pipe, and told the appellant and Gilmore that it was crack. Williams admitted that the cocaine pipe had been “used before” by others, supplying the inference that the cocaine found in the pipe was there before he ever retrieved the pipe. Williams claimed that he was “pretty well drunk” at the time.
The appellant argues that the trial judge committed reversible error in the refusal of the following requested charge to the jury:
“In considering the opinion of the expert witness, which has been admitted in this case, you are instructed to consider the expert testimony in the same manner as you do any other testimony and give it such weight and [sic] as you may believe it to be entitled when considered with all the other evidence in the case. Expert testimony is given for the purpose of enlightening you and not for the purpose of controlling your judgment.”
Although the trial judge did instruct the jury on how it should weigh the testimony of witnesses in general, he gave no instruction on the weight or credibility to be given the testimony of an expert witness. Therefore, this Court cannot hold that the subject matter of the refused charge was “substantially and fairly” covered in the court’s oral charge. See Rule 14, A.R. Crim.P.Temp.
Although, the charge in this case is subject to criticism, we do not consider it to violate the principles recently stated in Eatmon v. State, 575 So.2d 142, 144 (Ala.1990):
“Jury charges should be prepared with care by counsel requesting them. Bell v. State, 2 Ala.App. 150, 56 So. 842 (1911). Charges should be prepared with the layman in mind, because the jurors who must understand and apply them are usually laymen. The essential elements of acceptable proposed charges have long been recognized by this Court. Proposed charges should embody correct legal propositions, applicable to the issues and evidence and expressed in clear, unambiguous language.
“... [W]ritten jury instructions must be given or refused by the court in the terms in which they are submitted. Bascom v. State, 344 So.2d 218 (Ala.Cr.App. 1977).... [A] minor misspelling is not sufficient to justify the refusal of an otherwise correct charge, Phillips v. City of Dothan, 534 So.2d 381 (Ala.Cr.App.1988)....”
The requested charge is subject to criticism for two reasons. First, the charge states that the opinion of the expert has been “admitted in this case.” Certainly, the expert’s opinion was “admitted” into evidence, but it was not “admitted” by the defendant. Second, the written requested charge contains the word “and.” See Eatmon, 575 So.2d at 144, where the misuse of the word “than” for the word “then” was held to “add additional confusion” to an already confusing and incorrect requested charge. Despite these criticisms, we do not think that the charge was unclear or capable of misleading the jury.
“Procrustean grammatical rules do not limit the oral charge which a trial judge gives. Yet he can be put in error if a given written charge prepared by counsel is by reason of grammatical construction unclear and hence capable of misleading the jury.” Turner v. State, 43 Ala.App. 42, 45-46, 179 So.2d 170, 174 (1965). “Before an objection because of false grammar, incorrect spelling, or mere clerical errors, is entertained, the court should be satisfied of the tendency of the error to mislead, or to leave in doubt as to the meaning a person of common understanding, reading, not for the *81 purpose of finding defects, but to ascertain what is intended to be charged.” Grant v. State, 55 Ala. 201, 207 (1876), quoted in Mitchell v. State, 28 Ala.App. 119, 122, 180 So. 119, 121, cert. denied, 235 Ala. 530, 180 So. 123 (1938), overruled on other grounds, Ex parte Faircloth, 471 So.2d 493 (Ala.1985).
The requested charge embraces sound legal principles. “The opinion of expert witnesses ... are not conclusive upon the jury; they are to be weighed like other evidence, such evidence being intended to aid the jury, and its value depending largely upon the intelligence, experience, honesty and impartiality of the witness. The jury may reject it all, though it is without conflict.” George v. State, 240 Ala. 632, 637, 200 So. 602, 606 (1941) (dealing with the opinion of expert witnesses as to insanity). Expert “testimony is to be weighed like other evidence. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533 [ (1945) ]. ‘The effect, weight, or credibility of such evidence are questions for the jury, when considered in connection with the other evidence material to the opinion so expressed.’ Crawford Johnson & Co. v. Pryor Motor Co., 219 Ala. 108, 121 So. 388, 389 [(1929)].” Duke v. State, 257 Ala. 339, 345, 58 So.2d 764, 769 (1952). “The general rule is that opinion testimony of expert witnesses is not of controlling effect, and a jury is not absolutely required to accept opinions of experts in the place of its own judgment.” New York Life Insurance Co. v. Johnston, 256 F.2d 115, 118 (5th Cir.1958).[1]
An example of a proper jury instruction in a civil case on the weight to be given expert testimony is found in Alabama Pattern Jury Instructions — Civil, § 15.09 (1974):
“Witnesses have testified in this case as experts and have been permitted to express an opinion (and) (or) draw a conclusion. In passing upon the facts you are not required to accept the conclusions or expressed opinions of expert witnesses, but must determine for yourselves the weight to be given to such testimony and evidence when considered in connection with all the other evidence material to the issue.”
“[O]ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.” Ex parte Chavers, 361 So.2d 1106, 1107 (Ala.1978). Because the trial court failed to instruct the jury on the weight to be given the testimony of the expert, the judgment of the circuit court is reversed and this cause is remanded for further action not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.

. Although, the court in Johnston made a distinction between opinion testimony and factual testimony by an expert witness, "[t]here is substantial agreement in this country that such a distinction is impossible to apply.” C. Gamble, McElroy's Alabama Evidence § 127.01(4) (3d ed. 1977). See also Boatwright v. State, 351 So.2d 1366 (Ala.1977).