The appellant was convicted of second degree arson,see § 13A-7-42, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, the appellant was sentenced to life imprisonment.
In April 1996, the Pleasant Hill Holiness Church burned. The appellant admitted that he had set the fire and he raised pyromania as a defense. At the close of the State's evidence, the appellant filed a motion for a judgment of acquittal, which the trial court denied. The appellant's motion for new trial was also denied. This appeal followed.
 I.
The appellant argues that it was reversible error for the trial court to allow the fire marshal to testify that the fire was intentionally set. According to the appellant, this opinion testimony was inadmissible because it went to an ultimate issue in the case. We disagree.
Rule 704, Ala. R. Evid., provides that "[t]estimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact." However, in the case of expert testimony, enforcement of this rule has been lax. C. Gamble, Gamble'sAlabama Rules of Evidence § 704 (1995). We have noted previously in Travis v. State, [Ms. CR-92-958, April 18, 1997], ___ So.2d ___ at ___ (Ala.Cr.App. 1997), that expert testimony as to the ultimate issue should be allowed when it would aid or assist the trier of fact, and the fact that " ' "a question propounded to an expert witness will elicit an opinion from him in practical affirmation or disaffirmation of a material issue in a case will not suffice to render the question improper." ' " (citations omitted); see also Rule 702, Ala. R. Evid. (stating that expert testimony *Page 865 
should be allowed when it will aid or assist the trier of fact).
Initially, we note that Alabama appellate courts have previously held that it is reversible error to allow an expert to give an opinion as to whether a fire was intentionally set because such an opinion goes to the ultimate issue in an arson case. See Colvin v. State, 247 Ala. 55, 22 So.2d 548 (Ala. 1945), Moreland v. State, 373 So.2d 1259 (Ala.Cr.App. 1979);Huffman v. State, 470 So.2d 1368 (Ala.Cr.App. 1985); Bolden v.State, 568 So.2d 841 (Ala.Cr.App. 1989). This treatment of expert opinion testimony in arson cases has been viewed as inconsistent with the treatment of expert opinion testimony in other cases. See J. Colquitt, Alabama Law of Evidence
(1990) (noting that lay and expert opinion evidence is allowed on issues of handwriting, identity, mental condition, and the value of property, regardless of whether such opinion evidence goes to an ultimate issue in a case). In arson cases, causation is often a complex issue and such expert opinions would be of invaluable assistance to the jury. Furthermore, in many arson cases, whether the fire was intentionally set is not the ultimate issue. See Colquitt, supra (noting that the ultimate issue is often whether the accused set the fire, and that where the accused admits to setting the fire, there is no issue). We believe that the more appropriate view is that experts in arson cases should be allowed to give opinion testimony as to whether a fire was intentionally set if that testimony will aid or assist the jury. This is consistent with the current caselaw concerning opinion testimony by an expert witness.
Furthermore, in cases where expert testimony is presented, the trial court should charge the jury on the use of expert testimony. A jury is free to accept or reject the testimony of expert witnesses. See Weeks v. State, 580 So.2d 79 (Ala.Cr.App. 1991). The opinions of an expert are weighed like other evidence, and the jury may look at the intelligence, honesty, impartiality, and expertise of the witness. Id. The trial court in this case instructed the jury that the expert testimony was not conclusive and that the jury must determine what weight to give that testimony.
Based on our holding today, the trial court did not err in allowing the fire marshal's testimony. However, this holding does not eliminate or lessen the prosecutor's burden of proving that the accused started the fire.
 II.
The appellant also argues that he received ineffective assistance of counsel. The appellant asserts two grounds to support his claim of ineffective assistance of counsel. First, the appellant argues that his trial counsel's performance was deficient because trial counsel failed to insist that the State lay a proper predicate before certain opinion testimony was elicited from Deputy Sheriff Brooks. Second, the appellant argues that his trial counsel was deficient because counsel failed to renew his objection to the admission of the appellant's confession, even though there was evidence that the appellant had been improperly induced to confess and the trial court had never ruled on his pretrial motion to exclude evidence of the confession. Neither of these issues was preserved for review.
In Ex parte Ingram, 675 So.2d 863, 865 (Ala. 1996), the Alabama Supreme Court held as follows:
 "[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal."
Here, neither issue raised on appeal was presented to the trial court in the appellant's motion for a new trial. The only issue even peripherally relating to trial counsel's performance presented in the motion for a new trial was the trial court's denial of the appellant's pre-trial motion to appoint new counsel. It is well recognized that "[t]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Bishop v. State, 690 So.2d 502, 508
(Ala.Cr.App. 1996); Smith v. State, *Page 866 602 So.2d 470 (Ala.Cr.App. 1992). Because Ex parte Ingram
applies to this case,[1] and because the appellant did not raise these issues in his motion for a new trial, they were not preserved for review.
 III.
Finally, the appellant argues that the trial court erred when it denied his motion for a judgment of acquittal made at the close of the State's evidence. According to the appellant, "the State failed to prove that Henderson intended to damage the church that was burned. There was evidence from two experts that, due to Henderson's illness, pyromania, he did not have the intent to damage the church, which is a necessary element to sustain a conviction for arson in the second degree." This argument is without merit for two reasons.
The appellant's motion was made at the close of the State's evidence. At that time, no evidence had been presented as to the appellant's alleged pyromania. Furthermore, the appellant did not renew his motion for a judgment of acquittal at the close of his own case. When reviewing a motion for a judgment of acquittal, we can consider only that evidence before the court at the time the motion for a judgment of acquittal was made. Burell v. State, 680 So.2d 975 (Ala.Cr.App. 1996). We cannot consider the evidence presented by the appellant in his case-in-chief concerning his pyromania when reviewing the motion for a judgment of acquittal.
Second, the appellant erroneously contends that the intent that must be proven is the intent to cause damage. In order to establish a case of arson in the second degree, § 13A-7-42,Code of Alabama 1975, the State must show that "a fire was intentionally started or maintained and that the fire damaged the building." Minnis v. State, 690 So.2d 521, 523 (Ala.Cr.App. 1996). It was not necessary for the State to show an intent to cause damage; it needed to show only that the fire was intentionally set. Therefore, the appellant's argument that pyromania could negate the intent to cause damage is without merit.
A specific ground for a motion for a judgment of acquittal waives all other grounds not specified. McElroy v. State,611 So.2d 431 (Ala.Cr.App. 1992); Curry v. State, 601 So.2d 157
(Ala.Cr.App. 1992). Here, the appellant presented the specific ground in his motion for a judgment of acquittal that the State did not prove that he intended to cause damage. Because this is the only ground the appellant presented in his motion, all other grounds were waived and will not be reviewed by this court.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.
[1] Ex parte Ingram was released on February 23, 1996; the appellant was convicted in December 1996.