The appellant, Bruce Lavel Johnson, was convicted of one count of transferring his legal residence without first submitting proper notice of his intent to move, in violation of the Community Notification Act[1] ("the CNA"), a violation of § 15-20-23(a), Ala. Code 1975; one count of establishing a residence within 2,000 feet of a school or child care facility, in violation of the CNA, a violation of § 15-20-26(a), Ala. Code 1975; and one count of establishing a residence or other living accommodation where a minor resided, in violation of the CNA, a violation of § 15-20-26(c), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve concurrent terms of twelve years in prison on each count. See § 13A-5-9(b), Ala. Code 1975. The appellant filed post-trial motions, which the trial court summarily denied. This appeal followed.
The State presented evidence that, in 1991, the appellant pled guilty to first-degree sexual abuse; that the victim in that case was the appellant's ten-year-old niece; and that the appellant was required to register as a sex offender pursuant to the CNA. The State also presented evidence that sex offenders were required to register twice a year; that sex offenders cannot live within 2,000 feet of a school or child care facility; and that, before a sex offender can move, he must file notice of his intent to move with the appropriate law enforcement agency thirty days before he moves and have the new address approved. The State further presented evidence that the appellant had the address at 543 Era Drive approved in 1998 and that, on May 24, 2005, the appellant had filed a registration form that listed his address as 543 Era Drive. Craig Sawyer of the Fairhope Police Department testified that he had worked in the sex offender unit; that, in November 2005, the Baldwin County Sheriff's Department notified him that the appellant was no longer residing at his registered address on Era Drive; that he checked the appellant's records to determine whether he was supposed to be living on Era Drive; that the registration forms he had indicated that the appellant was registered on Era Drive; and that he also checked the Department of Public Safety's website, and it showed that the appellant was registered on Era Drive. He also testified that he went to the address on Era Drive, and he did not find a house marked as 543 Era Drive; that some of *Page 952 
the houses on Era Drive had street numbers marked, but others did not; that none of the houses that had the street number marked were 543 Era Drive; and that the houses that did not have the street numbers marked were in a condition of disrepair, did not appear to be inhabited, and looked as if they had not been inhabited for some time.
Sawyer testified that he received information that indicated that the appellant had a new address on Mary's Lane; that he went to the address on Mary's Lane and knocked on the door; that the appellant answered the door; that he told the appellant he was there following up on the change of address; and that he asked the appellant where he was currently residing. He also testified that the appellant told him that he was living at the house on Mary's Lane; that he had moved to Mary's Lane in 2004 after Hurricane Ivan had damaged the house on Era Drive and made it uninhabitable; and that he had been living at Mary's Lane for the past year or more.
Sawyer testified that, when the appellant opened the door at the house on Mary's Lane, he could see inside; that he saw a female and at least two children sitting at a table eating a meal; that he saw toys, clothing, and other things on the living room floor; and that it appeared that the appellant, the female, and the children all lived at the house. Finally, he testified that the appellant's address on Mary's Lane was less than 2,000 feet from the Blessed Children Daycare and the Marietta Johnson Organic School.
 I.
The appellant argues that the State did not present sufficient evidence to support his conviction for transferring his legal residence without first submitting proper notice of intent in violation of the CNA. (Issue I in the appellant's brief.) Specifically, he contends that
 "there is no indication that [he] changed his residence after completing the Form 47 in May, 2005. The facts clearly indicate that [he] made a false statement on the Form 47, when he declared on May 24, 2005, that he resided at 543 Era Drive. . . . There is no evidence showing the [he] transferred his legal residence after first submitting the Form 47 on May 24, 2005."
(Appellant's brief at pp. 11-12.) However, he did not present this specific claim in his motion for a judgment of acquittal at the close of the State's evidence. "A specific ground for a motion for a judgment of acquittal waives all other grounds not specified. McElroy v. State, 611 So.2d 431
(Ala.Cr.App. 1992); Curry v. State, 601 So.2d 157
(Ala.Cr.App. 1992)." Henderson v. State, 715 So.2d 863,866 (Ala.Crim.App. 1997). Further, the appellant did not raise this specific argument in his post-trial motions. Therefore, it is not properly before this court.
 II.
The appellant also argues that the State did not present sufficient evidence to support his conviction for establishing a residence or other living accommodation where a minor resided in violation of the CNA. (Issue III in the appellant's brief.) Specifically, he contends that the State did not prove that a minor actually resided in the residence.
 "No adult criminal sex offender shall establish a residence or any other living accommodation where a minor resides. Notwithstanding the foregoing, an adult criminal sex offender may reside with a minor if the adult criminal sex offender is the parent, grandparent, or stepparent *Page 953 
of the minor, unless one of the following conditions applies:
 ". . . .
 "(4) The adult criminal sex offender has ever been convicted of any criminal sex offense involving a child, regardless of whether the offender was related to or shared a residence with the child victim."
§ 15-20-26(c), Ala. Code 1975.
 "In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283
(Ala. 1980). The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020
(Ala.Cr.App. 1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App. 1983); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Willis v. State."
Breckenridge v. State, 628 So.2d 1012, 1018
(Ala.Crim.App. 1993).
 "`In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.' Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), affirmed, Ex parte Faircloth, [471] So.2d 493 (Ala. 1985).
 "`. . .
 "`"The role of appellate courts is not to say what the facts are. Our role, . . . is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury." Ex parte Bankston, 358 So.2d 1040, 1042
(Ala. 1978). An appellate court may interfere with the jury's verdict only where it reaches "a clear conclusion that the finding and judgment are wrong." Kelly v. State, 273 Ala. 240, 244, 139 So.2d 326 (1962). . . . A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30, 50 So. 345 (1909). "[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense." Fuller v. State, 269 Ala. 312, 333, 113 So.2d 153 (1959), cert. denied, Fuller v. Alabama, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).' Granger [v. State], 473 So.2d [1137,] 1139 [(Ala.Crim.App. 1985)].
 ". . . `Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty.' White v. State, 294 Ala. 265, 272, 314 So.2d 857, cert. *Page 954 
denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288
(1975). `Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided it points to the guilt of the accused.' Cochran v. State, 500 So.2d 1161, 1177 (Ala.Cr.App. 1984), affirmed in pertinent part, reversed in part on other grounds, Ex parte Cochran, 500 So.2d 1179 (Ala. 1985)."
White v. State, 546 So.2d 1014, 1017
(Ala.Crim.App. 1989). Also,
 "`[c]ircumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. Ward v. State, 557 So.2d 848 (Ala.Cr.App. 1990). In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).'
 "Ward [v. State], 610 So.2d [1190,] 1191-92 [(Ala.Crim.App. 1997)]."
Lockhart v. State, 715 So.2d 895, 899
(Ala.Crim.App. 1997).
In this case, the State presented evidence that, in 1991, the appellant pled guilty to first-degree sexual abuse and that the victim in that case was his ten-year-old niece. Therefore, the appellant could not establish a residence with any minor child. Also, Sawyer testified that, when he went to the residence at Mary's Lane, he saw an adult female and at least two children eating a meal inside of the house; that he saw toys and clothes scattered on the living room floor; and that, based on his observations, it appeared that the appellant, the female, and the children were all living together in the house. Although this case would have been stronger if the State had presented more direct evidence regarding whether the children actually lived at the residence, the jury could have reasonably concluded from the circumstantial evidence presented that the appellant had violated the CNA by establishing a residence with minor children. Based on this evidence, the jury could have reasonably concluded that the appellant had violated the CNA by establishing a residence with minor children. Furthermore, "[t]he weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury." Smith v. State, 698 So.2d 189, 214
(Ala.Crim.App. 1996), aff'd, 698 So.2d 219 (Ala. 1997). Therefore, the appellant's argument is without merit.
 III.
Finally, the appellant argues that his sentence on his conviction for transferring his legal residence without first submitting proper notice of intent exceeds the maximum authorized by law. (Issue II in the appellant's brief.) Specifically, he contends that, before October 1, 2005, the offense of transferring a legal residence without first submitting proper notice of intent was a misdemeanor; that the October 1, 2005, amendment to § 15-20-23(a), Ala. Code 1975, changed the offense from a misdemeanor to a felony; and that, because he committed the offense before October 1, 2005, he could be punished only for a misdemeanor. Before the October 1, 2005, amendment, § 15-20-23(a), Ala. Code 1975, provided:
 "If an adult criminal sex offender intends to transfer his or her legal residence *Page 955 
to a different location, he or she shall submit a notice of intent to move to the sheriff of the county and the chief of police of the municipality in which he or she resides, and to the sheriff of the county and chief of police of the municipality to which he or she plans to move, if such are different, at least 30 days prior to moving to the new location. The notice of intent to move shall be on a form developed by the Department of Public Safety provided by the sheriff and shall include all the information required by this article for community notification. An intentional failure to provide a timely and accurate written declaration shall constitute a Class A misdemeanor."
(Emphasis added.) The State presented evidence that the appellant changed his residence in 2004, before the effective date of the amendment to § 15-20-23(a), Ala. Code 1975.[2] "A defendant's sentence is determined by the law in effect at the time of the commission of the offense." Davisv. State, 571 So.2d 1287, 1289 (Ala.Crim.App. 1990) (emphasis added). Therefore, the appellant's conviction for transferring his legal residence without first submitting proper notice of intent was a Class A misdemeanor. A Class A misdemeanor is punishable by not more than one year in the county jail or at hard labor for the county. See
§ 13A-5-7(a)(1), Ala. Code 1975. Also, "the Habitual Felony Offender Act does not apply to misdemeanor convictions."Avery v. State, 825 So.2d 129, 131 (Ala.Crim.App. 1999). Accordingly, the appellant's sentence of twelve years in prison on his conviction for transferring his legal residence without first submitting proper notice of intent exceeds the maximum authorized by law.
For the foregoing reasons, we affirm the appellant's conviction for transferring his legal residence without first submitting proper notice of intent; his conviction and sentence for establishing a residence within 2,000 feet of a school or child care facility; and his conviction and sentence for establishing a residence with a minor. However, we remand this case with instructions that the trial court set aside the appellant's sentence on the conviction for transferring his legal residence without first submitting proper notice of intent and resentence the appellant in accordance with § 13A-5-7(a)(1), Ala. Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the date of this opinion. *Page 956 
AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.*
McMILLAN and SHAW, JJ., concur; WISE and WELCH JJ., concur in part and dissent in part, with opinions.
[1] §§ 15-20-20 through -37, Ala. Code 1975.
[2] Relying on this court's decision in State v.Goldberg, 819 So.2d 123 (Ala.Crim.App. 2001), the State argues that the offense of violating the CNA by transferring legal residence without submitting proper notice of intent is a continuing offense and that the date of the offense in this case would be after the effective date of the amendment to § 15-20-23, Ala. Code 1975. However, Goldberg dealt with the offense of failing to register as a sex offender pursuant to § 13A-11-200, Ala. Code 1975. In that case, we held that
 "Section 13A-11-200, Ala. Code 1975, imposes a continuing duty to register with law enforcement authorities within 30 days after each change of residence. Moreover, the statute does not specifically state that a person will be relieved of the duty to register if he does not do so within the 30-day period. Therefore, the explicit language of the statute indicates that failing or refusing to register as a convicted sex offender was intended to be a continuing offense."
819 So.2d at 125. Each day a sex offender fails to register, he is in violation of § 13A-11-200, Ala. Code 1975, because he is an unregistered sex offender. However, a sex offender violates § 15-20-23(a), Ala. Code 1975, only at the time he transfers his residence without having submitted proper notice of his intent to move. Therefore, violating the CNA by transferring legal residence without first submitting proper notice of intent is not a continuing offense, and the State's reliance on Goldberg is misplaced.
* Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 22, 2008, that court denied rehearing, without opinion. On May 23, 2008, the Supreme Court denied certiorari review, without opinion (1070788).