WELCH, Judge.
The State of Alabama appeals from the order of the trial court finding that the felony indictment charging Raehelle Echols Livingston, a convicted sex offender, with failure to notify the Montgomery County Sheriffs Office of a change in her residence at least 30 days prior to her move violated the constitutional prohibition against ex post facto laws. Specifically, the trial court found that because the offense with which Livingston was indicted was a Class A misdemeanor at the time the offense was committed, the State could not properly indict her for the offense as a Class C felony.
A registered sex offender’s failure to notify the proper law-enforcement agencies more than 30 days before changing residences is a violation of § 15-20-23, Ala.Code 1975, part of the Community Notification Act, §§ 15-20-20 to -38, Ala. Code 1975. The offense was changed from a Class A misdemeanor to a Class C felony effective October 1, 2005.
The record created thus far shows the following. In 1994, Livingston was convicted of enticing a minor and of second-degree sex abuse. The parties do not dispute that as a result of Livingston’s 1994 convictions for enticing a minor and second-degree sex abuse, she was required to comply with the provisions of the Community Notification Act.
The State alleges that on July 1, 2005, Livingston’s husband signed a new lease at a different address in Montgomery, and the family moved into the home at that address in August 2005, without having notified the Montgomery County Sheriffs Office, as required by § 15-20-23. On October 25, 2005, the sheriffs office discovered that Livingston was living at the new address rather than the address for she was registered. Livingston was arrested and charged with the offense on October 27, 2005.
The Montgomery County grand jury indicted Livingston on February 10, 2006, alleging that she had failed to notify the sheriffs office of her change of address, in violation of § 15-20-23. Subsequently, the State filed a motion asking the trial court to determine whether it was going to treat Livingston’s case as a continuing offense, which would mean she could be convicted of a Class C felony rather than a Class A misdemeanor.
A hearing was held on the motion, after which the trial court entered an order classifying the charge against Livingston as a misdemeanor.
“ ‘The State has a limited right to appeal; that right is governed by § 12-12-70, Ala.Code 1975 [authorizing the State to appeal from a judgment holding a statute invalid], § 12-22-91, Ala.Code 1975 [authorizing the State to appeal when the statute under which the indictment is preferred is held to be unconstitutional]; and Rule 15.7, Ala. R.Crim. P. [authorizing the State to take a pretrial appeal from rulings suppressing evidence or from orders dismissing all or part of an indictment]. *1016 According to these provisions, the State may appeal from ... pretrial rulings ... dismissing charges State v. D.L.A., 975 So.2d 1014, 1017 (Ala.Crim.App.2007), quoting State v. Maddox, 828 So.2d 946, 947 (Ala.Crim.App.2001). See also State v. Seawright, 961 So.2d 187 (Ala.Crim.App.2006).
This case has not yet come to trial. Accordingly, the State appealed from the trial court’s order pursuant to Rule 15.7, Ala. R.Crim. P., which allows the State to appeal from a pretrial order of the circuit court if the order, among other things, “dismiss[es] an indictment, information, or complaint (or any part of an indictment, information, or complaint).” The rule goes on to say, “Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge.” Rule 15.7(a), Ala. R.Crim. P.
In this case, the trial court did not dismiss the indictment against Livingston in whole or in part. Contrary to the State’s assertion in its notice of appeal that the trial court’s order is fatal to the prosecution, in fact, the order does not alter in any way the elements the State must prove to show that Livingston violated § 15-20-23.
We note that the offense charged in § 15-20-23 is not a continuing offense, i.e., the offense charged in the indictment was completed at the time Livingston moved without notifying the proper authorities. See Johnson v. State, 994 So.2d 950 (Ala.Crim.App.2007). The issue before the trial court was whether the law to be applied was the law that was in existence at the time the offense occurred, alleged by the State to be in August 2005, or the law that took effect October 1, 2005, after the date the offense was alleged to have occurred. The trial court determined that the law in effect at the time of the offense applied and that, therefore, Livingston could not be punished as a felony offender. The elements the State must prove in showing that a violation of § 15-20-23 occurred remain the same regardless of whether the offense occurred before or after the date the change in the applicable penalty took effect. The trial court’s ruling does not alter the indictment against Livingston in any way.
This is not a situation in which the offense is enhanced if the State presents proof of an additional element, for example, proving a prior conviction of marijuana possession to elevate a current charge of unlawful possession of marijuana from a misdemeanor offense to first-degree unlawful possession, a felony offense. See § 13A-12-213(a)(2), Ala.Code 1975. The trial court’s order had no bearing on the offense to be tried; it is certainly not “fatal” to the prosecution. Instead, the order simply determined that, if Livingston is convicted of violating § 15-20-23, she will be sentenced for committing a Class A misdemeanor rather than for committing a Class C felony, because the offense occurred before the change in the law making the wrongful conduct a felony offense rather than a misdemeanor offense.
The issue made the basis of the State’s appeal is not one that can properly be the subject of a pretrial appeal by the State, pursuant to Rule 15.7, Ala. R.Crim. P.
For the reasons set forth above, this appeal is due to be dismissed.
APPEAL DISMISSED.
BASCHAB, P.J., and SHAW, J., concur.
McMILLAN, J., concurs in the result.
WISE, J., dissents, with opinion.