WISE, Judge,
dissenting.
I dissent from the majority’s decision to dismiss the State’s appeal from the trial court’s finding that the felony indictment returned against Livingston violated the constitutional prohibition against ex post facto laws. The majority concludes that the issue made the basis of the State’s appeal is not one that can properly be the subject of a pretrial appeal by the State under Rule 15.7, Ala.R.Crim.P.
The trial court’s action was based on its conclusion that in August 2005, when Livingston actually transferred her legal residence without first submitting proper notice of her intent to move, a violation of § 15-20-23(a), Ala.Code 1975, was a Class A misdemeanor, as opposed to the Class C felony for which she was indicted. The majority concludes that the appeal should be dismissed because the court’s order was not “fatal” to the prosecution, but merely addressed what sentence she could receive, if convicted of violating § 15-20-28.
In my opinion, the trial court’s action constituted the dismissal of the felony indictment against Livingston. Although she could still be tried for a misdemeanor offense, the court’s action was effectively “fatal” to the State’s prosecution of a felony offense. Thus, I believe that the State was entitled to file a pretrial appeal of the trial court’s order, pursuant to Rule 15.7, Ala.R.Crim.P. Further, I believe that this offense constitutes a continuing offense, and, therefore, that Livingston could be properly indicted for the felony offense. My conclusion is based on this Court’s decision in State v. Goldberg, 819 So.2d 123 (Ala.Crim.App.2001). Although Goldberg involved a conviction for failing to register as a sex offender, in violation of § 13A-11-200, Ala.Code 1975, rather than a violation of § 15-20-23, I fail to see the distinction between these two offenses that would make one — and not the other — -a continuing offense. In my opinion, Livingston’s transference of her legal residence without first submitting proper notice of her intent to move constituted a continuing offense. A sex offender’s failure to submit notice of her intent to move and the continued act of remaining at the new residence would, in my opinion, significantly impair the purpose of the statute and the Alabama Legislature’s intent in creating a registry of sex offenders; namely, monitoring the location of all convicted sex offenders within the State of Alabama. Therefore, Livingston was properly indicted for a Class C felony offense. See also Johnson v. State, 994 So.2d 950 (Ala.Crim.App.2007) (Wise, J., concurring in part and dissenting in part).
Based on the foregoing, I would not dismiss the State’s appeal. Moreover, I would reverse the trial court’s dismissal of Livingston’s felony indictment and remand this case for the Montgomery Circuit Court to reinstate the indictment charging Livingston with the aforementioned Class C felony offense and to proceed accordingly. Therefore, I must respectfully dissent.